■ 'In the Matter of MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DONNA PALERMO, Appellant, v CARL PALERMO, Respondent. [596 NYS2d 252] —Order unanimously affirmed without costs. Memorandum: Petitioner Monroe County Department of Social Services appeals from an order of Family Court denying its objections to the Hearing Examiner's order of support, and thus confirming the Hearing Examiner's direction that respondent pay $38 per week in current support and $2 per week in retroactive support for his child Philip. On appeal, petitioner contends that the Hearing Examiner erred in exempting respondent from responsibility to support his stepchildren Carl and Brandi. Additionally, petitioner contends that the Hearing Examiner erred in ordering respondent to "continue" to maintain "family" medical insurance coverage. Petitioner argues that there is no evidentiary basis for the Hearing Examiner's finding that respondent currently is paying $15 per week to provide medical insurance for his family.

The court did not abuse its discretion in deferring respondent's obligation to support his stepchildren. We note that biological parents have primary responsibility for child support; stepparents are responsible only if the support from the biological parents is insufficient to keep the child off public assistance *(see,* Family Ct Act §§ 413, 415; *Matter of Slochowsky v Shang,* 67 AD2d 926, 928, *affd* 48 NY2d 887; *Matter of Buscaglia v Tutko,* 86 AD2d 974; Besharov, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 415, 1993 Pocket Part, at 28). Petitioner has failed to show that it has made any attempt to recover support from the children's biological fathers, whose identities apparently are known. The court did not abuse its discretion in deferring the question of stepparent support pending efforts by petitioner to obtain support from the children's fathers. Further, as petitioner recognizes in its brief, it would be unfair to require respondent to support his stepchild Brandi, since that child was born of an extramarital relationship entered into by the mother years after she separated from respondent.

From our review of the hearing evidence and the Hearing Examiner's decision and order, we find that an erroneous finding of fact underlies the insurance provision of the court's order. The order incorrectly finds that respondent currently is paying $15 per week to provide medical insurance for his family. Nonetheless, in our view, the erroneous factual finding does not affect the validity of the order. The order directs respondent to obtain "additional coverage" "in favor of" his wife and children. We fail to see how petitioner is aggrieved by that provision. (Appeal from Order of Monroe County Family Court, Bonadio, J.—Child Support.) Present—Denman, P. J., Green, Balio, Lawton and Davis, JJ.