■ In the Matter of COMMISSIONER OF CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of AN-THONY M., Appellant, v LAWRENCE F., Respondent. [629 NYS2d 706] —Order unanimously affirmed without costs. Memorandum: Family Court did not abuse its discretion in terminating the Hearing Examiner's support order directing respondent to pay child support to petitioner for Anthony, his stepson. Respondent objected to the support order on the grounds that it imposed a financial hardship on his family and that petitioner failed to seek support from his stepson's biological father before bringing this support proceeding against respondent. Petitioner acknowledged that it did not commence a proceeding against Anthony's biological father until after the support order was issued; that proceeding was pending at the time of entry of the

order on appeal. Pursuant to Family Court Act § 415, the court is vested with broad discretion to determine when it is appropriate to impose a support obligation upon a stepparent. As this Court recently noted, "biological parents have primary responsibility for child support; stepparents are responsible only if the support from the biological parents is insufficient to keep the child off public assistance [citations omitted]" *(Matter of Monroe County Dept. of Social Servs. [Palermo] v Palermo,* 192 AD2d 1114). (Appeal from Order of Cattaraugus County Family Court, Nenno, J.—Child Support.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.