■ In the Matter of DORA T. J., Appellant, v JEAN-PAUL A. S., Respondent. [637 NYS2d 476] —In a proceeding to establish paternity and for an order of support, the mother appeals from so much of an order of the Family Court, Nassau County (Feiden, J.), entered October 31, 1994, as, after a hearing, directed the father to pay child support of $120 per month.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Family Court, Nassau County, for a new hearing on the issue of child support before a different Family Court Judge.

Pursuant to the statutory scheme found in Family Court Act § 413 and Domestic Relations Law § 240, the parents of a single child are obliged to pay child support of 17% of the first $80,000 of their combined income, which is to be allocated between the parents in proportion to their respective incomes. Notwithstanding that the father failed to rebut the presumption that the statutory amount is correct *(see, e.g., Matter of Commissioner of Social Servs. of City of N. Y. [Patricia H.] v Raymond S.,* 180 AD2d 510), the Family Court directed the father to pay substantially less than his statutory share of child support without explaining in writing the factors it considered and the reasons therefor in violation of Family Court Act § 413 (1) (b) (3) and (g).

In addition, the Family Court did not issue an income deduction order or indicate in writing its reasons for failing to do so in violation of Family Court Act § 440 (1) (b) (2).

Finally, the Family Court erred by imputing the income of the mother's estranged husband to her when it determined her total available income and the amount of child support to be paid by her. There is no evidence in the record that the mother's estranged husband ever adopted the child, that the child is a recipient of public assistance, or that he is in danger of becoming a public charge *(see,* Family Ct Act §§ 413, 415; Social Services Law § 101; *Matter of Slochowsky v Shang,* 67 AD2d 926, *affd* 48 NY2d 887; *see also, Matter of Monroe County Dept. of Social Servs. [Palermo] v Palermo,* 192 AD2d 1114). However, under New York law, a stepparent's income *may* be considered to the extent that he *actually* contributes to the needs of his stepchild *(Matter of Slochowsky v Shang, supra,* at 928). Thus, the Family Court should ascertain at the new hearing the estranged husband's actual contribution, if any, to the child's support. Thompson, J. P., Friedmann, Krausman and Florio, JJ., concur.