■ In the Matter of MALLIKA PERERA, Appellant, v HALIN PERERA, Respondent. [674 NYS2d 521] —Peters, J. Appeal from an order of the Family Court of Chemung County (O'Shea, J.), entered April 18, 1997, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of child support.

In June 1990, the parties executed a separation agreement that addressed, inter alia, the payment of child support by respondent in the amount of $1,000 monthly for each of the three unemancipated children. Such agreement further provided that it should be incorporated but not merged with any subsequent divorce decree. However, by divorce judgment entered August 6, 1990, the separation agreement was neither incorporated nor merged into the judgment which provided that "all future matters pertaining to child support * * * shall be referred to the Family Court of the State of New York".

On October 23, 1996, petitioner commenced this proceeding

seeking, *inter alia*, an upward modification of child support for the last child who remained unemancipated and support for this child "in accordance with the father's earnings and means". Other than the divorce action, this was the first instance of judicial consideration of child support. Respondent cross-petitioned for enforcement of a provision of the separation agreement not relevant here and further moved to dismiss the petition.

At the conclusion of a hearing before the Hearing Examiner, both the petition and cross petition were dismissed for lack of subject matter jurisdiction. After the filing of objections, Family Court agreed that it had no jurisdiction to modify the terms of a separation agreement which was neither incorporated nor merged into the judgment of divorce. It therefore affirmed the Hearing Examiner's order, prompting this appeal.

Notwithstanding the conflicting provisions of the separation agreement and the judgment of divorce with respect to its incorporation, it is well settled that "the decretal provisions of a later divorce judgment * * * will govern" (*Rainbow v Swisher*, 72 NY2d 106, 110). While it is clear that the separation agreement survived the judgment of divorce, thereby creating a separately enforceable contract (*see, id.*, at 109), Family Court remains without jurisdiction to set aside or modify its terms (*see, Kleila v Kleila*, 50 NY2d 277, 282; *see also, Matter of Brescia v Fitts*, 56 NY2d 132). While such agreement might be binding on the parties thereto, the unemancipated children are not so bound (*see, Matter of Boden v Boden*, 42 NY2d 210; *see also*, Family Ct Act § 461 [a]). Therefore, an action may be commenced for support despite its existence (*see, id.*).

Since the judgment of divorce neither incorporated the provisions for support from the separation agreement nor made an independent determination therein, we find no prior order of support from which a modification could have been made (*see, Conrad v Lewis*, 93 AD2d 974; *see also, Matter of Klein v Klein*, 228 AD2d 832). However, because Family Court had jurisdiction to entertain an original application pursuant to Family Court Act § 461 (a) and, upon that basis, could have converted the matter to its proper form pursuant to CPLR 103 (c) (*see, Conrad v Lewis, supra; see also*, Family Ct Act § 461 [a]), we hereby reverse Family Court's order and remit this matter to that court for further proceedings not inconsistent herewith.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision.