■ Alice Llamas, Respondent, v Alfredo Llamas, Appellant. [753 NYS2d 461] —Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about October 3, 2001, which denied respondent father's objection to the Hearing Examiner's July 30, 2001 order granting petitioner mother's application for an upward modification of the father's child support obligation, unanimously affirmed, without costs.

The Hearing Examiner's increase in the father's child support obligation so as to include a contribution towards the cost of sending the eight-year-old child to the private school he had been attending since kindergarten reflects a proper regard for the circumstances of the case and of the respective parties and is in the best interests of the child (Domestic Relations Law § 240 [1-b] [c] [7]; *see Otero v Otero*, 222 AD2d 328, 329). The father's contention that he never consented to sending the child to private school is undermined by the mother's testimony that he conferred in the decision as to which school the child should attend, and by his own testimony that the reason he did not seek a downward modification of his obligation once day care was no longer a necessary expense was because he thought it would be in the child's best interests to attend private school and he wanted to help as much as he could. Thus, the record indicates that both parents believed that private school was in the child's best interests. Concur—Tom, J.P., Andrias, Sullivan, Rosenberger and Gonzalez, JJ.