■ In the Matter of LEIGH WEN, Respondent, v JOHN WEN, Appellant. [757 NYS2d 355] —Lahtinen, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered January 25, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify the child support provisions of the parties' separation agreement.

The parties, parents of two children, executed a separation agreement in March 1998 that was subsequently incorporated but not merged into a judgment of divorce. The only provision of the agreement addressing the financial obligations of the parties regarding private secondary school tuition provides: "The Husband shall pay 80% of the cost of the tuition for the Albany Boys Academy should he consent to sending the parties' son to said school. The consent for any one year does not bind the Husband in any future year." Following execution of the agreement, the parties' son, who was experiencing social difficulties at a public school, transferred to Albany Academy, where he excelled academically and socially for three years.

Respondent, however, refused to consent to his son's return to Albany Academy for a fourth year. Petitioner, hoping to continue sending the child to Albany Academy but financially unable to do so by herself, filed a petition seeking, among other things, to compel respondent to contribute to the annual educational costs of approximately $15,000. A hearing ensued and evidence in the record reflects that respondent earned approximately $120,000 annually, petitioner had annual income potential of about $40,000, both parents had attended private schools, and the parties' son desired to stay at Albany Academy where he was excelling. After setting forth numerous factors that favored the child's continued attendance at Albany Academy and noting respondent's financial ability to contribute to that cost, the Hearing Examiner found special circumstances existed and directed respondent to pay 75% of the tuition. Family Court denied respondent's objections and affirmed the Hearing Examiner's determination. Respondent appeals.

We affirm. While the separation agreement sets the percentage that respondent must pay if he consents to his son attending Albany Academy, it does not purport to foreclose any financial obligation in the event he does not consent. Stated another way, the agreement is silent regarding the extent of his financial obligation in the event either of his children attend any private school, with the one exception of specifically providing that he will pay 80% of his son's tuition to Albany Academy if he consents to his son attending such school. He did not consent to his son attending Albany Academy and, therefore, the petition was directed to an issue not expressly covered by the separation agreement. Under such circumstances, private secondary school expenses may be awarded as justice requires upon consideration of the best interests of the child and the circumstances of the case and the parties (*see* Family Ct Act § 413 [1] [c] [7]; *Allen L. v Myrna L.*, 224 AD2d 495, 496 [1996]; *Matter of Cohen v Rosen*, 207 AD2d 155, 157 [1995], *lv denied* 86 NY2d 702 [1995]). Relevant factors in such regard include the parents' educational background, the child's academic acuity and the financial situation of the parents (*see Fruchter v Fruchter*, 288 AD2d 942, 943 [2001]; *Matter of Cohen v Rosen, supra* at 157 n; *Matter of Haessly v Haessly*, 203 AD2d 700, 701 [1994]). Here, the record reflects that both parents attended private schools, the child has been at Albany Academy for three years and is doing better there than he was in public school, and respondent has the financial ability to contribute to his son's education at Albany Academy. Consideration of the relevant facts and circumstances reveals no reason to disturb Family Court's order.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.