Carpinello, J.
Cross appeals from a judgment of the Supreme Court (Kavanagh, J.), entered November 18, 2002 in Ulster County, ordering, inter alia, equitable distribution of the parties’ marital property, upon a decision of the court.
Plaintiff, a licensed veterinarian, and defendant, a licensed dental hygienist but full-time homemaker, were married in 1990 and have four children ranging in age from three to eight years old. The parties stipulated to the grounds for divorce and custody of the children, and a nonjury trial was held on the issues of maintenance, child support and equitable distribution of their marital assets. In its decision on these contested issues, Supreme Court credited the testimony of plaintiffs own expert that plaintiff had underreported the income of his veterinary *871 practice and attributed to him an income of $160,000 per year. The court calculated his child support obligation by applying the statutory child support percentage to this entire figure. The court also ordered him to pay $3,000 per month maintenance for six years and to pay one half of the children’s private school expenses. In addition, the court distributed the parties’ marital assets by awarding defendant one third of the' value of the veterinary practice and its associated real estate, and by awarding each party one half of the equity in the marital residence and one third of the enhanced earnings attributable to the other’s professional license. It further directed that plaintiff retain his veterinary practice and its real estate, with defendant retaining the marital residence and associated personal property. The parties now cross-appeal from the resulting judgment.
Initially, defendant contends that Supreme Court erred in fashioning its equitable distribution award because it failed to make a monetary distributive award to effectuate its overall distribution of the marital assets. In its decision, the court determined the value of the parties’ various marital assets, awarded plaintiff shares of each asset totaling $695,166 and awarded defendant shares of assets totaling $422,833. However, the court also directed that plaintiff retain assets valued at $874,000 and that defendant retain assets valued at $244,000. As a result, there is a $178,833 disparity between the court’s overall distribution of the marital assets and the assets actually retained by the parties. The court did not make a monetary distributive award to correct this imbalance, but did award defendant unspecified personal property “to off-set” her share of plaintiffs retained assets and, in addition, ordered plaintiff to assume numerous debts. However, the court did not make specific factual findings as to the value of the personal property awarded to defendant or as to the amount of marital debt to be borne by plaintiff, and there is insufficient evidence in this record from which such information can be discerned. As a consequence, it is unclear as to whether the court, in fact, intended the personal property and assumption of debt to be a full offset for this seeming imbalance in an otherwise well-crafted distribution of the marital assets. Accordingly, we remit for clarification (see Gaglio v Molnar-Gaglio, 300 AD2d 934, 938-939 [2002]; Woertler v Woertler, 110 AD2d 947, 949 [1985]).
Next, we see no error in Supreme Court’s determination to impute income to plaintiff. Plaintiffs own accountant testified at trial that he had underreported the income of his veterinary practice in prior years and the practice had paid some of his personal expenses. Income may properly be imputed under such *872 circumstances (see Askew v Askew, 268 AD2d 635, 636 [2000]; Matter of Klein v Klein, 251 AD2d 733, 735 [1998]), and we see no abuse of discretion here.
Turning to Supreme Court’s maintenance award, we reject each parties’ challenges to the amount and duration of the award. Determinations as to the amount and duration of maintenance awards are vested in the court’s discretion (see Gaglio v Molnar-Gaglio, supra at 939), and we find no basis to disagree with Supreme Court. The court properly considered the requisite factors, including the substantial disparity in the parties’ incomes, the parties’ standard of living during the marriage, the duration of the marriage and the ages of the parties’ children (see Domestic Relations Law § 236 [B] [6] [a]). Among plaintiffs contentions is his claim that the court based its six-year award on an erroneous finding that the youngest child would begin school in six years. He thus seeks to have his maintenance obligation end when that child begins school in two years. However, this was but one factor in the court’s deliberations and, in light of the young ages of the parties’ four children, we cannot say that the six-year window for defendant to become self-sufficient or the amount of the award is overly generous (see Moschetti v Moschetti, 277 AD2d 838, 839 [2000]; Love v Love, 250 AD2d 739, 740 [1998]).
Nor do we find error in Supreme Court’s application of the child support percentage to plaintiff’s income in excess of $80,000. Because the parties’ combined parental income exceeds $80,000, the court was required to determine the amount of child support attributable to the portion of their income over $80,000 by applying the child support percentage and/or by considering the so-called “paragraph (f)” factors (see Domestic Relations Law § 240 [1-b] [c] [3]; [f]; see also Matter of Mitchell v Mitchell, 264 AD2d 535, 539 [1999], lv denied 94 NY2d 754 [1999]). Where, as here, the court opts to apply the full child support percentage, the court’s reasoning must evidence careful consideration of the parties’ circumstances and reflect a finding that departure from the statutory percentage was not warranted (see Matter of Cassano v Cassano, 85 NY2d 649, 655 [1995]). In this case, the court listed several statutory factors it considered before determining to apply the child support percentage and, while the factual circumstances underlying this specific determination are not fully articulated, the court’s decision as a whole reflects a thorough and careful consideration of the parties’ circumstances.
However, Supreme Court improperly deducted plaintiff’s maintenance obligations from his gross income when ealculat *873 ing his child support obligation. Domestic Relations Law § 240 (1-b) (b) (5) (vii) (C) provides that durational maintenance payments may indeed be deducted from a party’s gross income for child support calculations, but only if the court’s order includes an adjustment to the child support obligation upon the termination of maintenance payments (see Matter of Baker v Baker, 291 AD2d 751, 752-753 [2002]; Kessinger v Kessinger, 202 AD2d 752, 753-754 [1994]). Since Supreme. Court’s failure to include such an adjustment in its order may have been an oversight and because remittal is otherwise required, we also remit this issue to allow Supreme Court to include an adjustment in its order if that was its original intent.
Finally, Supreme Court did not articulate its reasons for directing plaintiff to pay one half of the children’s private school expenses. To be sure, the court is empowered to make such an award when in the best interests of the children (see Matter of Wen v Wen, 304 AD2d 897, 898 [2003]; see also Domestic Relations Law § 240 [1-b] [c] [7]). Relevant factors to be considered in such determinations include the educational backgrounds and financial resources of the parties, as well as the children’s academic abilities (see Matter of Wen v Wen, supra at 898; Fruchter v Fruchter, 288 AD2d 942, 943 [2001]; Matter of Cassano v Cassano, 203 AD2d 563, 564 [1994], affd 85 NY2d 649 [1995]; Matter of Rucks v Nugent, 191 AD2d 786, 787-788 [1993]). Here, however, the court did not specify why it ordered plaintiff to contribute to the children’s private school expenses. Under the particular circumstances of this case, where remittal is otherwise required, we also remit this issue to allow Supreme Court to articulate the reasoning underlying this directive.
Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as distributed the marital assets, determined child support and ordered payment of private school expenses; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.