In the Matter of NICOLE J. AULICINO, Respondent, v CHRISTOPHER G. KAISER, Appellant. [844 NYS2d 457]—

Mercure, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered June 28, 2006, which, among other things, in a proceeding pursuant to Family Ct Act article 4, partially denied respondent's objections to an order of support.

The parties are the parents of a son, born in 1992. Petitioner seeks a pro rata contribution from respondent toward parochial school education for the child. Following a hearing, a Support Magistrate rejected respondent's contention that he had not consented to placement of the child in a parochial school and ordered respondent to pay a portion of the child's educational expenses. Respondent filed objections and Family Court subsequently affirmed the Support Magistrate's finding that the parties had agreed that the child should attend parochial school. The court remanded the matter to the Support Magistrate solely for the purpose of determining the proper amount of respondent's pro rata share of tuition. Respondent appeals and we now affirm.

Respondent asserts that Family Court erred in directing him to pay private school costs because, he maintains, there was no evidence presented at the hearing that such an award is appropriate. Family Court may award "private secondary school expenses . . . as justice requires" (*Matter of Wen v Wen*, 304 AD2d 897, 898 [2003]; *see* Family Ct Act § 413 [1] [c] [7]). In determining whether an award of expenses is warranted, " 'the court must consider,' " among other things, " 'the circumstances of the case, the circumstances of the respective parties, [and] the best interests of the child[ ]' " (*Allen L. v Myrna L.*, 224 AD2d 495, 496 [1996], quoting *Manno v Manno*, 196 AD2d 488, 491 [1993]; *see Matter of Wen v Wen*, 304 AD2d at 898; *Fruchter v Fruchter*, 288 AD2d 942, 943 [2001]).

Here, respondent's contention that he never agreed to private schooling is belied by the evidence submitted at the hearing that he enrolled the child in parochial school for two years during the period that he had custody of the child. While respondent thereafter enrolled the child in public school for one year, the child's school records demonstrated that his academic performance suffered and unexcused absences increased during that period. Finally, there was no evidence or claim that respondent has experienced a reduction in income such that he is no longer able to afford parochial school tuition (*cf. Carr v Carr*, 291 AD2d 672, 675-676 [2002]). Under the circumstances and considering the best interests of the child, there was a sound and substantial basis for the award of educational expenses and

we will not disturb Family Court's determination in that regard (*see Matter of Wen v Wen*, 304 AD2d at 898; *Llamas v Llamas*, 301 AD2d 369, 369 [2003]).

Cardona, P.J., Crew III, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.