■ CLAIRE ZWICKEL, Appellant, v BOGDAN SZAJER, Respondent. [846 NYS2d 737]—

Crew III, J.P. Appeal from an order of the Supreme Court (Lalor, J.), entered May 9, 2006 in Greene County, which, among other things, denied plaintiff's application for spousal maintenance and counsel fees.

Plaintiff and defendant were married in November 1989. At the time of their marriage, plaintiff was 28 years old, had earned a Bachelor's degree in aviation management and flight technology and was employed as a pilot; defendant was 43 years old and also was employed in the aviation field as a first officer (copilot). The parties' first child was born in 1991. Plaintiff was furloughed from her employment from 1993 to 1994, and the parties apparently lived separate and apart in 1995, 1996 and 1997. Following a reconciliation, their second child was born in 1998, and the parties resided together until they separated again in 2001. In the interim, plaintiff was out on disability from 1997 until some point in late 2001 or early 2002, at which time she returned to work as a copilot for American Airlines.

Plaintiff commenced this action for divorce in September 2003, prior to which plaintiff secured an order from Family Court (Stegmayer, Support Mag.) directing defendant to pay child support in the amount of $936 semimonthly.* The parties thereafter agreed that the complaint would be amended to al-

---

* Although the actual order directed defendant to pay $630 biweekly, defendant testified and plaintiff acknowledged that he was paying support in the amount of $936. The record reflects further confusion as to whether this sum was biweekly or semimonthly but, for purposes of this decision, we will accept Supreme Court's finding that defendant's annual support obligation was approximately $22,500.

lege abandonment, that defendant would waive his right to appear and that plaintiff would have sole custody of the minor children. The remaining issues—namely, maintenance, counsel fees and plaintiff's request for reimbursement of certain Bat Mitzvah expenses—were tried before Supreme Court in March 2006. At the conclusion thereof, Supreme Court denied plaintiff's requests in this regard, and this appeal by plaintiff ensued.

We affirm. The case law makes clear that the purpose of maintenance is to provide financial support for the recipient spouse while he or she gains the skills and employment necessary to become self-sufficient and, further, that the amount and duration of any such maintenance is a matter committed to the sound discretion of the trial court (*see Holterman v Holterman*, 307 AD2d 442 [2003], *affd* 3 NY3d 1 [2004]). To that end, a trial court must give due consideration to the statutory factors set forth in Domestic Relations Law § 236 (B) (6) (a).

Here, even a cursory review of Supreme Court's decision reveals that it indeed gave appropriate consideration to each of the enumerated factors including, but not limited to, the parties' respective ages and future employment prospects, the length of the marriage and the predivorce standard of living. Specifically, Supreme Court noted that at the time the underlying action was commenced, plaintiff was 42 years old and, thus, was eligible to continue flying as a pilot for another 18 years. Defendant, on the other hand, was then 57 years old and, hence, only three years away from being ineligible to fly. Indeed, at the time of trial in March 2006, defendant testified that he had taken a job as a flight training manager in order to avoid mandatory retirement once he turned 60 years old in June 2006. Supreme Court further noted that although the parties married in 1989, their extended periods of separation resulted in them actually residing together as spouses for only roughly 10 years, thereby negating plaintiff's claim that this was a marriage of long duration. As to the issue of predivorce standard of living, the court noted that due to plaintiff's extended absences from work, during which time defendant's income was the parties' sole means of support, their predivorce standard of living was, for a substantial portion of their marriage, based upon only one income. In short, Supreme Court concluded that given the parties' respective educations, training and future employment prospects, as well as the history of their marriage and the remaining statutory factors, an award of maintenance to plaintiff was not warranted. Upon our review of the record as a whole, we discern no basis upon which to disturb that determination.

Plaintiff's remaining contentions do not warrant extended discussion. As to the approximately $18,000 that plaintiff spent on the parties' daughter's Bat Mitzvah, we need note only that such sums were expended after the commencement of the underlying matrimonial action and, hence, do not qualify as a marital debt (*see* Domestic Relations Law § 236 [B] [1] [c]; *Prince v Prince*, 247 AD2d 457 [1998]). In any event, given that defendant was neither consulted on nor invited to the celebration, and in the absence of any testimony as to the reasonableness of the sums expended, we cannot say that Supreme Court erred in denying plaintiff's request for reimbursement. We reach a similar conclusion as to the issue of counsel fees, as the record reflects that plaintiff is possessed of sufficient resources to bear her own counsel fees. Accordingly, Supreme Court's order is affirmed.

Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.