Claire Zwickel, Appellant, v Bogdan Szajer, Respondent. (And a Related Proceeding.) [850 NYS2d 287]—

Peters, J. Appeal from an order of the Family Court of Greene County (Lalor, J.), entered October 30, 2006, which, among other things, denied plaintiff's application (upon referral of the matter from the Supreme Court) for a modification of a prior child support order.

The parties were married in November 1989 and have two children, a daughter (born in 1991) and a son (born in 1998). They separated in January 2002 and, in April 2003, the Support Magistrate entered an order for child support. Shortly thereafter, plaintiff commenced this action for divorce where the issue of child support was referred to Family Court (Stegmayer, Support Mag.). At about the same time, plaintiff commenced a proceeding, pursuant to Family Ct Act article 4, alleging a violation of the April 2003 order. After a hearing on both matters, the Support Magistrate found, as here relevant, that defendant was in willful violation of its prior order and, by separate order, that there was no substantial change in circumstances to warrant an upward modification of child support. After plaintiff's objections to both orders were denied by Family Court, plaintiff appealed.

We agree with Family Court that the Support Magistrate applied the correct standard in determining plaintiff's application for an upward modification of the April 2003 order of support. In a matrimonial action, unless a prior support order from Family Court is continued by Supreme Court, the prior order terminates when Supreme Court makes a new support determination (see Family Ct Act § 462). As no such order was issued by Supreme Court, instead referring the matter to Family Court to determine the application, the "substantial change in circumstances" standard was correctly applied upon plaintiff's application for a modification of the Support Magistrate's prior order of support (see Cynoske v Cynoske, 8 AD3d 720, 722-723 [2004]).

Moreover, Family Court appropriately denied plaintiff's objections to the Support Magistrate's conclusion that she failed to

demonstrate the requisite substantial change in circumstances to warrant an upward modification of child support (*see Matter of Blasdell v Steiner*, 14 AD3d 898, 899 [2005]). Since the time of the April 2003 order, plaintiff's annual wages decreased approximately $1,300 while defendant's increased approximately $600. As this alone is insufficient to support her application, plaintiff claimed that the children's needs were not being met, primarily due to the children's private school expenses. Giving due deference to the Support Magistrate's factual determinations on this issue, which had to include a consideration of her request that defendant be directed to contribute towards the children's private school education, we find no basis to disturb the discretionary determination rendered by the Support Magistrate since it was based upon the best interests of the children (*see Matter of Fisher v Fritzsch*, 35 AD3d 1146, 1147 [2006], *lv denied* 8 NY3d 810 [2007]). Clearly, the Support Magistrate may order a noncustodial parent to contribute to a child's private school expenses (*see* Family Ct Act § 413 [1] [c] [7]; *Matter of Aulicino v Kaiser*, 44 AD3d 1140, 1141 [2007]; *Matter of Wen v Wen*, 304 AD2d 897, 898 [2003]) after its consideration of numerous factors (*see Matter of Aulicino v Kaiser*, 44 AD3d at 1141; *Matter of Wen v Wen*, 304 AD2d at 898). Here, however, despite the oldest child's previous foray into the private school arena for her early education needs and the parties' return of her to public school for three years prior to their separation, plaintiff made an independent decision to enroll both children in private school. Proffering only a dearth of evidence that the children required such education because of their social or special education needs (*compare Matter of Aulicino v Kaiser*, 44 AD3d at 1141; *Matter of Wen v Wen*, 304 AD2d at 897-898), we agree that there was no substantial change in circumstances such that defendant should now be required to contribute to those additional expenses. Moreover, we find no abuse of discretion in the further determination that defendant not be required to provide life insurance (*see Grenier v Grenier*, 210 AD2d 557, 559 [1994]) when it was not required by the prior order, no upward modification was granted and his testimony indicated that such insurance was already procured for the benefit of these children as well as his two other children from a prior marriage.

Addressing the issue of counsel fees, we note that plaintiff made a prior request for such relief which was denied by

Supreme Court and later affirmed on appeal (*Zwickel v Szajer*, 45 AD3d 1222 [2007]).\*

As to the contention that Family Court failed to require the issuance of an income deduction order once the Support Magistrate determined that defendant willfully violated the order of support, we note that Family Ct Act § 440 (1) (b) requires that such an order be included unless it can articulate "that there is good cause not to require immediate income withholding[ ] or . . . that an agreement providing for an alternative arrangement has been reached between the parties" (Family Ct Act § 440 [1] [b] [2]; *see Matter of Shreffler v Shreffler*, 283 AD2d 679, 681 [2001]; *see also Matter of Dora T.J. v Jean-Paul A.S.*, 224 AD2d 420, 421 [1996]). With appropriate objections before it, Family Court should have modified the Support Magistrate's order by including such an enforcement provision due to defendant's past financial responsibilities in meeting his child support obligations.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by ordering that a wage deduction order issue pursuant to Family Ct Act § 440 (1) (b) (2) and, as so modified, affirmed.

---

\* However, due to defendant's willful violation of his child support obligation, plaintiff was awarded statutory counsel fees in the amount of $1,000 (*see* Family Ct Act § 438 [b]; § 454 [3]; *Matter of Duffy v Duffy*, 30 AD3d 735, 737 [2006]).