█ In the Matter of GILLIAN A. HIRSCH, Respondent-Appellant, v JEFFREY B. SCHWARTZ, Appellant-Respondent. [941 NYS2d 758]—

Peters, J.P. Cross appeals from an order of the Family Court of Saratoga County (Abramson, J.), entered August 31, 2010, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for violation of a prior support order.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) were divorced in 2009 and have two children from the marriage (born in 2001 and 2003). The parties' 2007 separation agreement, which, among other things, required the father to pay 96% of all child-care expenses, was incorporated but not merged into their 2009 judgment of divorce. Shortly thereafter, the mother sent the father a letter offer which proposed a reduction of the father's child-care expenses from 96% to 75%. Although the father did not sign and return the letter offer,[1] he made at least two full reimbursement payments and several partial payments in the months that followed.

The mother subsequently commenced this proceeding seeking to enforce the child support provisions of the judgment of divorce. In response, the father argued that the mother's letter offer served to modify his support obligations and that the terms of this subsequent agreement should be enforced. Following a trial, a Support Magistrate found that the letter offer constituted a valid modification of the parties' separation agreement that reduced the father's child-care expenses to 75%, and

1. A signed copy was provided to the mother after this action was commenced.

ordered arrears in the amount of $2,625.25. Upon the mother's written objections, Family Court concluded that the Support Magistrate lacked the authority to enforce the terms of the purported modification agreement and, therefore, the provisions in the judgment of divorce concerning the father's child-care obligations controlled. These cross appeals ensued.[2]

We affirm. Family Court, as a court of limited jurisdiction, may only enforce or modify child support provisions contained in a valid court order or judgment (*see* Family Ct Act §§ 422, 461 [b] [i]; § 466; *Matter of Johna M.S. v Russell E.S.*, 10 NY3d 364, 366 [2008]; *Matter of Brescia v Fitts*, 56 NY2d 132, 139 [1982]; *Kleila v Kleila*, 50 NY2d 277, 282 [1980]). Thus, even assuming that the mother's letter offer constituted a valid modification of the parties' separation agreement, Family Court "does not have subject matter jurisdiction . . . [to] enforce the amended agreement which stands as an independent contract between the parties" (*Matter of Zamjohn v Zamjohn*, 158 AD2d 895, 896 [1990]; *see Kleila v Kleila*, 50 NY2d at 283; *see also Merl v Merl*, 67 NY2d 359, 362 [1986]; *Matter of Perera v Perera*, 251 AD2d 885, 886 [1998]; *Matter of Hiser v Hiser*, 175 AD2d 353, 354 [1991]). The parties' remaining contentions are either not properly before us, rendered academic in light of our determination or have been reviewed and found to be without merit.

Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** Inasmuch as the mother seeks only affirmance of Family Court's order, her cross appeal is deemed abandoned (*see Mittelmark v County of Saratoga*, 85 AD3d 1359, 1360 n [2011]; *Rose Inn of Ithaca, Inc. v Great Am. Ins. Co.*, 75 AD3d 737, 738 n 2 [2010], *lv denied* 15 NY3d 713 [2010]).