Stein, J.
Appeal from an order of the Family Court of Albany County (Duggan, J.), entered January 24, 2013, which, in a proceeding pursuant to Family Ct Act article 4, denied respondent’s objections to the order of a Support Magistrate.
Petitioner (hereinafter the mother) and respondent (hereinaf *1090 ter the father) are the divorced parents of two children, including a son (born in 2000), who is the subject of this appeal. The parties’ oral stipulation and opting out agreement, which was incorporated but not merged into their 2007 judgment of divorce, obligated the father to pay child support to the mother in the amount of $485 per week, but was silent as to responsibility for the cost of the children’s educational expenses. In October 2011, as a result of difficulties the child was experiencing in public school, the mother asked for the father’s consent to enroll the child in a private Catholic school. The father ultimately agreed, on the condition that the mother take full responsibility for payment of the child’s tuition, and the parties’ agreement was memorialized in a written, notarized statement. The child was then enrolled in the private school and, at the end of that school year, the mother commenced this modification proceeding seeking to, among other things, require the father to pay his pro rata share of the child’s educational expenses. After a hearing, a Support Magistrate determined, as relevant here, that the father was obligated to pay 71% of the child’s private school tuition, beginning with the 2012-2013 academic year. Family Court subsequently denied the father’s objections and this appeal by the father ensued.
We affirm. Initially, we conclude that the father’s reliance on the parties’ written agreement that the mother would bear the cost of the child’s tuition is misplaced, as Family Court has no jurisdiction to enforce such independent contract (see Matter of Hirsch v Schwartz, 93 AD3d 1114, 1115 [2012]; Matter of Zamjohn v Zamjohn, 158 AD2d 895, 896 [1990]). We are also unpersuaded by the father’s argument that the award of educational expenses was unwarranted. Where, as here, the parties’ opting-out agreement and divorce judgment are silent with respect to educational expenses, a court may direct a party to pay such expenses where appropriate and as justice requires, “having regard for the circumstances of the case and of the respective parties and in the best interests of the child” (Family Ct Act § 413 [1] [c] [7]; see Matter of Overbaugh v Schettini, 103 AD3d 972, 974 [2013], lv denied 21 NY3d 854 [2013]; Matter of Juneau v Morzillo, 56 AD3d 1082, 1084-1085 [2008]; Matter of Naylor v Galster, 48 AD3d 951, 952 [2008]). Relevant factors to be considered include, among other things, the parents’ educational backgrounds and ability to pay (see Matter of Overbaugh v Schettini, 103 AD3d at 974; Matter of Juneau v Morzillo, 56 AD3d at 1085).
We agree with the father’s argument that Family Court erroneously concluded that the father’s consent to the child’s atten *1091 dance at the private school precluded him from challenging the court’s determination that he should contribute to the cost thereof. While the father did not oppose the child’s enrollment at the private school and, in one email to the mother, agreed that the child “should go,” the father did not sway from his opinion that the public school attended by the child satisfactorily met the child’s needs. However, the father ultimately indicated to the mother that he would not “stand in [her] way” of transferring the child to the private school, so long as she agreed in writing to pay the cost of tuition, without seeking a contribution from him beyond the child support he was then paying.
Nonetheless, we find that the record as a whole supports the conclusion that the child’s transfer to the private school was in his best interests. The record reflects that the child suffers from a variety of health related issues, including attention deficit hyperactivity disorder and auditory processing disorder. At the hearing on her petition, the mother recounted the difficulties that the child was experiencing in public school before he was enrolled in the private school, such as his suffering from anxiety and depression, as well as problems completing his homework— which resulted in his repeatedly being given detention—and his resistance to going to school. All of these issues prompted the mother to seek an alternative educational placement for the child. Although the father argues that the mother failed to proffer evidence demonstrating that the private school offered any services to address the child’s problems or was otherwise better equipped than the public school to handle his issues, it is evident that the child’s emotional state significantly improved once he began attending the private school. Notably, in a September 2012 journal entry for one of his classes, the child wrote: “I was a kid who was bullied, depressed, and underestimated. But I found a light in the darkness, ... I met awesome friends and the nicest teachers I ever encountered. Thank God I found [my new school]!” In addition, the child’s anxiety medication has been decreased since he changed schools and was expected to be further reduced following reevaluation. The father and mother both agreed that the child was doing well socially and academically at the private school, where he has made friends and participates in extracurricular activities.
In concluding that the father should contribute to the expense of the child’s attendance at the private school, Family Court also properly considered the cost of the tuition—$5,600 after deducting financial aid awarded to the child—as well as the parties’ financial circumstances. The record reflects that both parents are professionals and the father has the financial re *1092 sources to contribute towards the child’s tuition “without impairing his ability to support himself and maintain his own household” (Matter of Overbaugh v Schettini, 103 AD3d at 975 [internal quotation marks and citation omitted]; see Matter of Juneau v Morzillo, 56 AD3d at 1085). In addition, the father testified that he attended parochial elementary, middle and high schools as a child. Under these circumstances, there is a sound and substantial basis for the award of educational expenses (see Matter of Overbaugh v Schettini, 103 AD3d at 975; Matter of Aulicino v Kaiser, 44 AD3d 1140, 1141-1142 [2007]).* The father’s remaining contentions have been examined and are unavailing.
Lahtinen, J.E, Garry and Rose, JJ., concur.
Ordered that the order is affirmed, without costs.

 The father does not challenge Family Court’s calculation of his pro rata share.