*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 26, 2015                 519224
_____

JEANNE MURPHY,

                        Appellant-
                        Respondent,

        v                                    MEMORANDUM AND ORDER

JAMES MURPHY,

                        Respondent-
                        Appellant.
_____


Calendar Date:   January 16, 2015

Before:   Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

                        _____


        Friedman & Molinsek, PC, Delmar (Michael P. Friedman of
counsel), for appellant-respondent.

        Murray S. Carr, Albany, for respondent-appellant.

                        _____


Lahtinen, J.P.

        Cross appeals from a judgment of the Supreme Court
(Crowell, J.), entered November 20, 2013 in Saratoga County,
ordering, among other things, equitable distribution of the
parties' marital property, upon a decision of the court.

        Plaintiff (hereinafter the wife) and defendant (hereinafter
the husband) were married in 1981 and have two emancipated
children (born in 1985 and 1990).  The wife commenced this
divorce action in June 2012.  During the pendency of the action,
the husband paid temporary maintenance to the wife of $450 per
month, $5,000 toward her counsel's fees, and reportedly
contributed $11,500 to the college costs of the younger child.  A
trial was conducted on the issues of equitable distribution,

maintenance and counsel fees.  The primary marital assets included each party's government pension (the husband's in pay status and the wife's fully vested), a home with an agreed value of $190,000 (encumbered by a home equity loan of $9,588 as well as back taxes of $15,485), and investment assets of about $203,000.

Supreme Court's findings and conclusions included, among other things, that each party was 58 years old and in relatively good health.  The husband had retired from a state job in 2009, received a state pension of $64,199 per year and currently had a job paying $30,000 per year.  The wife continued as a public school teacher with over 30 years of experience, earned $79,000 during the 2012-2013 school year, was due to earn $82,000 the next school year, and she could retire with a teacher's pension of about $60,600 per year (which will increase as she continues teaching).  Since each party had earned during the marriage relatively equivalent government pensions, the court directed that each remain the sole owner of his/her pension.

Each party had accounts and investment assets in his/her own name, and the court directed each to keep his/her own, with the wife's valued at $110,583 and the husband's at $92,653.  The court made no adjustment for the discrepancy because of wasteful dissipation of assets by the husband, who secretly rented an apartment for his private use for a couple of years near the end of the marriage.  The wife received the marital residence upon paying half the value (with a downward adjustment for the husband's one-half obligation on due taxes) and the husband was directed to pay off the home equity loan.

After considering the relevant statutory factors, Supreme Court denied the wife's request for maintenance.  The court further concluded that an award of counsel fees beyond the $5,000 already provided by the husband to the wife was unwarranted. Both parties appealed, but the husband has withdrawn his cross appeal leaving only the arguments of the wife.

The wife contends that she is entitled to a Majauskas share of the pension payments received by the husband during the time between commencement of this action and Supreme Court's

distribution of the marital property.  We are unpersuaded.  The trial court has "substantial discretion in fashioning an award of equitable distribution" (Lurie v Lurie, 94 AD3d 1376, 1378 [2012]).  "Although pension rights earned during a marriage and prior to the commencement of a matrimonial action are marital property subject to equitable distribution, the distribution of the asset is based upon considerations of fairness and the respective situations of the parties" (Redgrave v Redgrave, 13 AD3d 1015, 1016 [2004] [internal quotation marks and citations omitted]).  Here, in light of all the circumstances surrounding the division of the parties' property, the similarity of their age, health and income, and particularly noting the similar amounts of the government pensions to which each is entitled, the court did not abuse its discretion in determining that each should simply keep his/her own pension (see Alwell v Alwell, 98 AD2d 549, 553 [1984]; cf. Butler v Butler, 256 AD2d 1041, 1045 [1998], lv denied 93 NY2d 805 [1999]).  Having determined that the wife would not be awarded part of the husband's pension, it was not error for the court not to make an award for that part of the pension received while the action was pending.  Moreover, during such time, the wife received a temporary maintenance payment that took into account the pension portion of the husband's income.

The wife's assertion that the husband should be required to purchase life insurance designating her as beneficiary because he elected the single life allowance for retirement was not preserved for review.  In any event, the assertion lacks merit under the circumstances of this case.  The wife has comparable earnings and can secure a similar pension (also with a single life allowance) as the husband (see Bellizzi v Bellizzi, 107 AD3d 1361, 1364 [2013]; Murray v Murray, 101 AD3d 1320, 1325 [2012], lv dismissed 20 NY3d 1085 [2013]).

The remaining arguments regarding the distribution of the marital assets are without merit.  "'[T]here is no requirement that the distribution of each item of marital property be on an equal or 50-50 basis'" (Quinn v Quinn, 61 AD3d 1067, 1069 [2009], quoting Arvantides v Arvantides, 64 NY2d 1033, 1034 [1985]; accord Vertucci v Vertucci, 103 AD3d 999, 1001 [2013]).  The distribution made by Supreme Court was well within its

discretion.  Further, Supreme Court did not abuse its discretion and we discern no reason to disturb its determination, after consideration of the pertinent statutory factors, not to award maintenance to the wife (see e.g. Roberto v Roberto, 90 AD3d 1373, 1376 [2011]; Zwickel v Szajer, 45 AD3d 1222, 1223 [2007]) or its denial of additional counsel fees (see e.g. Soles v Soles, 41 AD3d 904, 908 [2007]).

Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court