Matter of Barra v Barra (2023 NY Slip Op 01557)

Matter of Barra v Barra

2023 NY Slip Op 01557

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

534796
[*1]In the Matter of Elizabeth C. Barra, Appellant,
v
Daryl M. Barra, Respondent.

Calendar Date:January 9, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Hegge & Confusione, LLC, Mullica Hill, New Jersey (Michael Confusione of counsel), for appellant.
LaClair & DeLuca, PLLC, Albany (Lauren K. DeLuca of counsel), for respondent.

Clark, J.
Appeal from an order of the Family Court of Albany County (Richard J. Rivera, J.), entered January 19, 2020, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in 1986, and they have six children (born in 1988, 1991, 1992, 1996, 1998 and 2000). The parties entered into a separation and settlement agreement in 2011, which was incorporated but not merged into a 2015 judgment of divorce. Pursuant to the terms of the separation agreement, from January 1, 2011 through February 1, 2021 — the month that the youngest child reached the age of 21 — the father would pay basic child support in the sum of $2,000 per month, plus additional child support amounting to 35% of the father's income over $91,500 — his agreed-upon income at the time. Further, the father would maintain health insurance for the children until each reached the age of 21, and the parties would share the children's uncovered medical expenses equally. The parties agreed that any modifications to the terms of the separation agreement had to take place "in writing duly subscribed and acknowledged with the same formality" as the separation agreement.
In 2016, following some disagreement among the parties as to the father's additional income, the father began paying basic child support in the sum of $2,300 per month. Then, in June 2018, through a written stipulation (hereinafter the 2018 stipulation), the parties agreed that the child support section of the separation agreement "shall be stricken and replaced with" the 2018 stipulation. As relevant to this appeal, the father agreed to pay the mother "a lump sum payment in the amount of $25,000 . . . in full consideration for any alleged child support arrearages owed by [the father] to [the mother]." Further, the parties agreed that the father would begin paying child support in the sum of $2,600 per month until February 1, 2021. As in the separation agreement, the father was required to maintain health insurance for the children and to share equally in their uncovered medical expenses until the children reached the age of 21.
On February 1, 2021, the mother filed a petition seeking to enforce the child support provisions of the judgment of divorce. The mother alleged that the father owed child support arrears pursuant to the separation agreement and judgment of divorce and that he failed to pay his share of the children's uncovered medical expenses. The matter proceeded to a fact-finding hearing. Following the mother's proof, the Support Magistrate (Bisnott, S.M.) found that, pursuant to the 2018 stipulation, the father had complied with his child support obligations, and that the mother failed to present a prima facie case establishing a violation of any of the pertinent terms. As a result, the Support Magistrate dismissed the mother's petition[*2]. Family Court subsequently denied the mother's written objections, and the mother appeals.
Initially, we agree with the mother's contention that Family Court erred in considering the 2018 stipulation. "Family Court is a court of limited jurisdiction and may only exert the powers granted to it by the State Constitution or by statute" (Matter of Alison RR., 190 AD3d 12, 13 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Donald QQ. v Stephanie RR., 198 AD3d 1155, 1156 [3d Dept 2021]). To that end, Family Court "may only enforce or modify child support provisions contained in a valid court order or judgment" (Matter of Hirsch v Schwartz, 93 AD3d 1114, 1115 [3d Dept 2012]; see Family Ct Act § 454 [1]; Matter of Kristina P. v Joseph Q., 118 AD3d 1089, 1090 [3d Dept 2014]). Although the 2018 stipulation was signed, notarized and then filed in the office of the Albany County Clerk, the parties failed to obtain a court order incorporating its terms. Accordingly, Family Court lacked subject matter jurisdiction to consider the 2018 stipulation to determine whether the father had failed to comply with his child support obligations (see Matter of Kristina P. v Joseph Q., 118 AD3d at 1090; Matter of Hirsch v Schwartz, 93 AD3d at 1115).[FN1] Rather, the proper inquiry was whether the father had complied with his child support obligations pursuant to a lawful order of support (see Family Ct Act § 453) — in this case, the judgment of divorce.
Turning to the merits, the record before us is sufficiently developed to permit us to recalculate the father's child support obligations pursuant to the judgment of divorce and determine whether he owes any arrears (see Matter of Drumm v Drumm, 88 AD3d 1110, 1112 [3d Dept 2011]; compare Matter of Sweedan v Baglio, 269 AD2d 724, 726 [3d Dept 2000]). The record incontrovertibly shows that the father began paying child support in the sum of $2,000 per month prior to the signing of the judgment of divorce, that the sum increased to $2,300 per month starting in August 2016 and that his payments further increased to $2,600 per month starting in July 2018. The mother acknowledged that she received those sums and that the father never missed a payment. The mother admitted that the father also paid her $25,000 in June 2018. Using the formula incorporated into the judgment of divorce and comparing the father's child support obligation to the sums he actually paid, we find that the father did not underpay and, as a result, there are no child support arrears.
The mother's remaining contentions — that Family Court erred in failing to find the father in violation of the judgment of divorce by failing to turn over his financial documents, by failing to pay his share of the children's uncovered medical expenses and by removing the youngest child from his insurance prior to that child's 21st birthday — lack merit. The record reveals that the Support Magistrate did not find the mother credible, and that she failed [*3]to proffer any relevant evidence to support her testimony. Deferring to those credibility determinations, as we must, we find no basis upon which to disturb the court's findings (see Matter of Susko v Susko, 181 AD3d 1016, 1021-1022 [3d Dept 2020]; Matter of Duprey v Klaers, 167 AD3d 1288, 1290 [3d Dept 2018]).
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Family Court may only consider these extrajudicial agreements to aid in its inquiry of whether a violation was willful (see Matter of Ross v Manley, 135 AD3d 1104, 1107-1108 [3d Dept 2016]).