EDNA L. CARD, Appellant, v. GENE T. BUDINI, Respondent.

Third Department, December 15, 1967.

*Arthur J. Harvey* and *Gerald Weinberg* for appellant.

*Ainsworth, Sullivan, Tracy & Knauf* (*Robert K. Ruslander* and *William M. O'Hare* of counsel), for respondent.

GIBSON, P. J. Appeal is taken from an order of the Supreme Court at Special Term which granted defendant's motions (1) to dismiss as insufficient the two causes of action alleged in the complaint (CPLR 3211, subd. [a], par. 7) and (2) to strike out the allegations contained in certain designated paragraphs of the complaint as scandalous and prejudicial matter unnecessarily inserted therein (CPLR 3024, subd. [b]). Although the dismissal rendered academic the motion to strike, the order, in terms, granted both motions, with leave to replead.

The first cause of action is brought to recover damages for personal injuries sustained by plaintiff as the result of defendant's negligent operation of a motor vehicle. The second cause of action seeks to set aside a release by plaintiff of her claims against the defendant and is predicated on allegations of both fraud and mistake.

The paragraphs stricken from the first cause of action as scandalous and prejudicial alleged, in substance, that (par. 9) following the automobile accident thereinbefore alleged plaintiff commenced an action against defendant in the City Court of Albany to recover property damage to her automobile, her complaint therein alleging defendant's negligence as solely causative thereof and averring plaintiff's freedom from negligence; that (par. 10) judgment in favor of plaintiff and against defendant upon said cause of action was entered in said court;

that (par. 11) by reason of said judgment it has been conclu-
sively adjudicated that said accident was caused solely by defend-
ant's negligence and without any negligence on the part of the
plaintiff; that (par. 12) plaintiff sustained personal injuries;
and that (par. 13) plaintiff was damaged. From the second
cause of action were stricken paragraphs 15 and 16 which con-
tain the operative allegations of the cause of. action predicated
on fraud and mistake.

The judgment and other papers in the prior action are not
before us, but the parties agree, and Special Term noted, that
the judgment was entered by consent in accordance with CPLR
3221, pursuant to defendant's offer to allow judgment to be
taken against him, followed by plaintiff's acceptance of that
offer. Special Term held that " [a]s to the judgment entered
against the defendant in the City Court, CPLR 3221 specifically
states that it shall not be made known to the jury, and, there-
fore, may not be alleged in the complaint." CPLR 3221 does
not, however, provide that the " judgment " shall not be made
known to the jury but that " [a]n offer of judgment shall not be
made known to the jury." Second, we take it that the words
" *the* jury" (emphasis supplied) refer not to " a " jury or to
" any " jury but solely to the jury which shall hear the trial
of an action within the rule, i.e., an action in which an " offer
of judgment " has been made *and refused;* inasmuch as there
would, of course, be no occasion for a jury to hear a case in
which an offer of judgment has been made and accepted and a
judgment entered. Thus the inhibition does not apply to a sub-
sequent or other action such as this. Finally, the complaint
before us does not plead an offer of, or consent to judgment;
and if we were to assume the unlikely event of some future ref-
erence to the basis of the judgment that might under some cir-
cumstance or another be prejudicial, the trial court would
doubtless restrict the proof to the fact of the judgment and
the identity of the issues thereby adjudicated.

CPLR 3221 is headed " Offer to compromise ", although the
word " compromise " does not appear in the rule proper and
is not otherwise employed. On the basis of this language and
as an additional ground of its decision, Special Term had
recourse to the principle that an offer of compromise is not
admissible as evidence of liability, citing *Quillen* v. *Board of
Educ.* (203 Misc. 320), which dealt with pretrial negotiations
of settlement; but, again, it is not an offer of compromise or an
offer of judgment that plaintiff seeks to demonstrate, but the
judgment itself.

There is no longer any doubt as to the propriety of the affirmative use of a prior judgment to establish a right of recovery; the Court of Appeals having expressly held that there exists "no reason in policy or precedent to prevent the 'offensive' use of a prior judgment." (*B. R. DeWitt, Inc.* v. *Hall,* 19 N Y 2d 141, 143.) There is no distinction, for purposes of this rule, between a consent judgment, as here, and a judgment rendered after trial and entered upon a verdict or a decision. (*Canfield* v. *Harris & Co.,* 252 N. Y. 502; *Crouse* v. *McVickar,* 207 N. Y. 213.)

Having determined the validity and propriety of plaintiff's utilization of the prior adjudication to establish her right to recover, we turn to whatever technical questions of pleading are raised by the motion to strike. We find no impropriety in plaintiff's pleading the prior judgment, whether or not it was necessary to allege it. Under defendant's motion, the averments could be stricken as "unnecessarily inserted" only if they are "scandalous or prejudicial" as well. (CPLR 3024, subd. [b].) In point is *Knibbs* v. *Wagner* (14 A D 2d 987) in which the pleading of defendant's conviction, upon his plea of guilty, of driving while intoxicated was held not irrelevant or prejudicial (under rule 103 of the former Rules of Civil Practice) inasmuch as evidence of the conviction would be admissible upon the trial. Under CPLR 3013, the rules of pleading are broad and, under CPLR 3026, pleadings must be "liberally construed" and defects must be ignored "if a substantial right * * * is not prejudiced." The commentators find that CPLR 3013 is "not a reformulation of former practice. The requirement of section 241 of the Civil Practice Act that a pleading state 'material facts' as well as the prohibition of section 241 against pleading 'evidence' have been abandoned." (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3013.01; and see *Foley* v. *D'Agostino,* 21 A D 2d 60, 63.)

Although, as Special Term correctly held, plaintiff sought improperly to incorporate in her complaint, by reference, the pleadings in the prior action (CPLR 3014; First Preliminary Report of N. Y. Adv. Comm. on Practice and Procedure, 1957, p. 62; 3 Weinstein-Korn-Miller, *op. cit. supra,* par. 3014.05; *Mack* v. *Wyer,* 120 N. Y. S. 2d 99), her error does not render deficient her negligence cause of action, as such, but she should be permitted to replead, if she be so advised, upon a proper application.

The second cause of action seems to us sufficient (see *Duch* v. *Giacquinto,* 15 A D 2d 20) and, indeed, respondent's brief advances no argument to the contrary.

The order should be reversed, on the law, and the motions denied, with costs to appellant.

HERLIHY, AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Order reversed, on the law, and motions denied, with costs to appellant.