■ HERBERT E. BUCK, Respondent, v PATRICIA BUCK, Appellant. [600 NYS2d 520] —Mercure, J. Appeal from an order of the Supreme Court (Hughes, J.), entered December 2, 1992 in Albany County, which partially granted defendant's motion for, *inter alia,* temporary child support.

Plaintiff commenced this action for divorce in May 1992. Thereafter, defendant, who was not gainfully employed, sought various relief, including temporary child support. Because each party had custody of one child of the marriage, Supreme Court utilized the statutory percentage for two children (25%) under the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) (hereinafter CSSA). Supreme Court concluded that the amount of the temporary child support award should be one half of the statutory percentage for two children (12½%) rather than the statutory percentage for one child (17%). Defendant appeals.

We agree with defendant that Supreme Court applied the CSSA improperly in making the temporary child support award. The basic child support obligation must be determined on a per household basis and it is inappropriate to use a percentage which is based on a total number of children living in different households *(see, Matter of Cox v Cox,* 181 AD2d 201, 205-206; *Matter of Commissioner of Social Servs. of City of N. Y. v Raymond S.,* 180 AD2d 510, 514). The controlling percentage must be "determined according to how many children are living with the same custodial parent" *(Matter of Commissioner of Social Servs. of City of N. Y. v Raymond S., supra,* at 513). A strict application of the basic child support

formula may be avoided, however, if the court determines that such an application would be "unjust or inappropriate" based upon a consideration of the factors set forth in Domestic Relations Law § 240 (1-b) (f) (Domestic Relations Law § 240 [1-b] [g]). One of the factors a court may consider is the needs of other children, not subject to the instant action, for whom the noncustodial parent is providing support (Domestic Relations Law § 240 [1-b] [f] [8]). Accordingly, we remit the matter to Supreme Court to reconsider defendant's temporary child support application in light of our conclusions herein. We continue the temporary child support award without modification pending Supreme Court's reconsideration.

Weiss, P. J., Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by remitting the matter to the Supreme Court for further proceedings not inconsistent with this Court's decision, and, as so modified, affirmed.