■ In the Matter of JOHN CARLINO, Appellant, v ULRIKE B. CARLINO, Respondent. (Appeal No. 2.) [716 NYS2d 272] —Order

unanimously modified on the law and as modified affirmed without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Contrary to the contention of petitioner, he was properly designated as the noncustodial parent for purposes of calculating the basic child support obligation pursuant to the Child Support Standards Act (Family Ct Act § 413). "[W]here, as here, the parents custodial arrangement splits the children s physical custody so that neither can be said to have physical custody of the children for a majority of the time, the parent having the greater pro rata share of the child support obligation * * * should be identified as the 'noncustodial' parent for the purpose of support regardless of the labels employed by the parties" (*Baraby v Baraby*, 250 AD2d 201, 204).

We agree with petitioner, however, that the part of the order establishing his child support obligation to be $538.24 per month should be vacated. Pursuant to Family Court Act § 413 (1) (f), the court must order the noncustodial parent to pay his or her pro rata share of the basic child support obligation unless it finds that the pro rata share is unjust or inappropriate, based upon consideration of factors such as "(i) extraordinary expenses incurred by the non-custodial parent in exercising visitation, or (ii) expenses incurred by the non-custodial parent in extended visitation provided that the custodial parent's expenses are substantially reduced as a result thereof" (Family Ct Act § 413 [1] [f] [9]). Here, the parties do not dispute that the child resides with each of them half of the time. We conclude that such a custody-sharing situation constitutes "extended visitation." We are unable to adjust petitioner's basic child support obligation, however, because the record lacks an evidentiary basis for doing so (*see generally, Matter of Kay v Cameron*, 270 AD2d 939). We therefore modify the order by granting the objections of petitioner in part and vacating that part of the order of the Hearing Examiner determining the basic child support obligation and remit the matter to Erie County Family Court to determine the specific expenses petitioner incurs in caring for the child and whether and to what degree such expenses have substantially reduced respondent's expenses for the child. In the event petitioner establishes that the expenses he incurs as noncustodial parent in extended visitation substantially reduce the costs respondent must bear as custodial parent, the court must then determine a proper adjustment to petitioner's basic child support obligation of $538.24. (Appeal from Order of Erie County Family Court, Szczur, J.—Support.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.