In the Matter of AMY L. GILLETTE, Appellant, v GARY S. GILLETTE, Respondent. [778 NYS2d 362]—

Appeal from an order of the Family Court, Lewis County (Charles C. Merrell, J.), entered July 16, 2003. The order denied

petitioner's objection to the "corrected" order of the Hearing Examiner determining child support.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law and in the exercise of discretion by granting petitioner's objection to the "corrected" order of the Hearing Examiner and awarding petitioner child support in the amount of $445.09 biweekly and as modified the order is affirmed with costs to petitioner.

Memorandum: In this proceeding brought pursuant to Family Ct Act article 4, petitioner appeals from an order denying her objection to a "corrected" order of the Hearing Examiner requiring respondent to pay petitioner $53 biweekly as support for the parties' three children. We conclude that the Hearing Examiner improperly utilized the "proportional offset" method of calculating child support and erred in failing to apply the Child Support Standards Act (CSSA) formula for calculating respondent's basic child support obligation (*see Bast v Rossoff,* 91 NY2d 723, 729 [1998]). We note that this is not a case in which the parties' "custodial arrangement splits the children's physical custody so that neither can be said to have physical custody of the children for a majority of the time" (*Baraby v Baraby,* 250 AD2d 201, 204 [1998]; *see generally Keeler v Keeler,* 306 AD2d 890 [2003]; *Matter of Carlino v Carlino,* 277 AD2d 897, 898 [2000]). In any event, even if this were a true shared or equal custody arrangement, respondent's child support obligation must be measured by the CSSA formula rather than the proportional offset method absent some demonstration of facts and circumstances warranting a finding that respondent's "pro rata share of the basic child support obligation is unjust or inappropriate" (Family Ct Act § 413 [1] [f]). Such a finding must be based upon consideration of such factors as "extraordinary expenses incurred by the non-custodial parent in exercising visitation, or . . . expenses incurred by the non-custodial parent in extended visitation provided that the custodial parent's expenses are substantially reduced as a result thereof" (§ 413 [1] [f] [9]; *see Bast,* 91 NY2d at 729-732; *Carlino,* 277 AD2d at 898). We note that the Hearing Examiner did not specify that his award of child support was based on such factors, nor did he cite specific expenses in specific dollar amounts in relieving respondent from his basic child support obligation as calculated in accordance with the statutory formula. We further note that there is no evidence in this record to support a deviation from the CSSA formula (*see Matter of Spoor v Spoor,* 276 AD2d 887, 889 [2000]). We therefore modify the order by granting petitioner's objection to the "corrected" order of the Hearing Examiner.

We further modify the order in the exercise of our discretion by awarding petitioner child support in the amount of $445.09 biweekly. We base that award on the Hearing Examiner's findings, to which neither party has objected, that petitioner has CSSA income (gross income minus FICA) of $44,525.56 per year whereas respondent has CSSA income of $46,293.31 per year. The ratio of respondent's CSSA income to the parties' combined CSSA income is 50.973%, and thus we conclude that respondent's share of the first $80,000 of the combined parental income is $40,778.40. We multiply that sum by a factor of .29 because there are three children, divide by 26.1 because the child support payments are biweekly, and subtract $8 for respondent's contribution to the children's health insurance in order to arrive at respondent's biweekly child support obligation of $445.09. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.