■ Sonya E. Miller McMillen, Appellant, v Harry S. Miller, Respondent. [790 NYS2d 556]—

Peters, J. Appeals (1) from that part of an order of the

Supreme Court (Teresi, J.), entered September 26, 2003 in Albany County, which granted defendant's motion to modify the child support provisions of a prior judgment of divorce, and (2) from that part of an order of said court, entered October 7, 2003 in Albany County, which denied plaintiff's motion to allocate a certain percentage of the college expenses for the parties' children to defendant.

The parties, both college graduates, were married in February 1983 and have three children (born in 1985, 1987 and 1989). In November 1996, they executed a stipulation agreement which was incorporated, but not merged, in their judgment of divorce, providing, among other things, that they would share joint legal custody, with physical custody of the children to plaintiff. The parties also calculated their respective child support obligations pursuant to the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b] [hereinafter CSSA]). With defendant's income, as a pediatrician, approximately $105,000 and plaintiff's income, as a school teacher, approximately $45,000, they agreed to calculate their respective child support obligations by applying the requisite 29% to their *total* combined income, even though it was a "upward deviation" from the $80,000 cap contained in the CSSA (*see* Domestic Relations Law § 240 [1-b] [c] [2]). Defendant paid plaintiff $2,400 per month in child support, of which $100 per child was allocated to a college investment fund, "represent[ing] a credit to [defendant] when determining the parties' respective contributions, if any, to college expenses."

In January 2003, the parties' two youngest children permanently moved into defendant's home; the oldest child continues to reside with plaintiff when she is not attending college. Six months later, defendant sought to, among other things, have his child support obligation recomputed due to these changed circumstances. By order entered September 26, 2003, Supreme Court terminated defendant's support obligation for the two children now residing with him, and recalculated each party's child support obligation based upon their current incomes. Plaintiff's income had increased steadily over the past seven years whereas defendant's income had risen significantly in 2002 and then dropped precipitously in 2003, representing an amount almost $20,000 less than his annual income at the time of their earlier agreement.

Supreme Court calculated 29% of the parties' current combined parental income of approximately $135,000, divided that amount by three and then determined defendant's child support obligation by computing his proportionate share of one

third of the whole. Plaintiff's support obligation was calculated by computing her proportionate share of the remaining two-thirds. As a result of plaintiff's subsequent motion for an order establishing defendant's responsibility for the children's college expenses, Supreme Court, by order entered October 7, 2003, directed defendant to continue making monthly deposits into the children's college investment accounts and found an "unwritten but working agreement" that all college expenses—after deducting loans, grants and work study credits—shall be allocated 60% to defendant and 40% to plaintiff, notwithstanding the lack of specificity regarding these expenses in their stipulation agreement. Plaintiff appeals from both orders.

Based upon the children's change in residence, defendant submitted sufficient proof to meet his burden of establishing "either that the parties' stipulation was not fair and equitable when entered into or that an unanticipated and unreasonable change in circumstances had occurred to warrant reducing or eliminating [defendant's] child support obligations" (*Matter of Ellenbogen v Ellenbogen*, 6 AD3d 1026, 1027 [2004]; *see Riseley v Riseley*, 173 AD2d 1103, 1104 [1991]; *see also Clerkin v Clerkin*, 304 AD2d 784, 785 [2003]; *Winnert-Marzinek v Winnert*, 291 AD2d 921, 921 [2002]). Under these circumstances, a recalculation of the child support obligation pursuant to the CSSA was appropriate. However, where, as here, the parties' affidavits demonstrate conflicting evidence disclosing the existence of a genuine issue of fact regarding defendant's income and earning potential, plaintiff correctly argues that a hearing was necessary (*see Wyser-Pratte v Wyser-Pratte*, 66 NY2d 715 [1985]; *Severino v Severino*, 243 AD2d 702 [1997]; *Schnoor v Schnoor*, 189 AD2d 809 [1993]; *Grimaldi v Grimaldi*, 167 AD2d 443 [1990]) because "a parent's child support obligation is not necessarily determined by his or her existing financial situation but, rather, by his or her ability to provide support" (*Matter of Lutsic v Lutsic*, 245 AD2d 637, 638 [1997]; *see Matter of Ellenbogen v Ellenbogen, supra* at 1028).

We also note that Supreme Court erred in multiplying the combined parental income by 29% (*see* Domestic Relations Law § 240 [1-b] [b] [3] [iii]) as though all three children resided in the same household (*see Riseley v Riseley*, 208 AD2d 132, 135 [1995]; *Matter of Commissioner of Social Servs. of City of N.Y. [Patricia H.] v Raymond S.*, 180 AD2d 510, 513-515 [1992]). At the very least, Supreme Court should have calculated 17% of the first $80,000 of the combined parental income for the one child residing with plaintiff (*see* Domestic Relations Law § 240 [1-b] [b] [3] [i]) and then determined defendant's proportionate

share. The same base amount should have been multiplied by 25% to determine plaintiff's proportionate share for the two remaining children residing with defendant (*see* Domestic Relations Law § 240 [1-b] [b] [3] [ii]; *see Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995]; *Riseley v Riseley, supra* at 135). Should the court decide, on remittal, to apply the requisite statutory percentage to their *total* combined parental income in making one of these support determinations, that determination must "reflect a careful consideration of the parties' circumstances" (*Clerkin v Clerkin, supra* at 785) with an articulation of the factors it deems relevant.*

Addressing the award of college expenses, we agree that there is significant evidence to support the finding that due to the parties' own educational backgrounds and the language of their stipulation agreement, they contemplated that they would be responsible for contributing to their children's college expenses (*see Wen v Wen*, 304 AD2d 897, 898 [2003]; *Rocchio v Rocchio*, 213 AD2d 535, 537 [1995]; *Matter of Healey v Healey*, 190 AD2d 965, 968 [1993]). Plaintiff admits that with respect to the older child, they had the informal agreement recognized by Supreme Court, but no evidence supports the blanket application of this agreed-upon percentage to the two remaining children, especially in light of the current determination acknowledging the propriety of recalculating their respective child support obligations. For this reason, we remit this issue as well.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the orders are modified, on the law and the facts, without costs, by reversing so much thereof as calculated the child support obligations of the parties and as established the parties' responsibilities for the college expenses for the two younger children; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* Notably, when the parties originally agreed to apply the CSSA percentage to the full amount of their combined parental income, the higher proportionate share was to be contributed by defendant, a pediatrician. As the majority of the child support obligation will now be borne by plaintiff, consideration must be given to their disparate incomes and future earning capacities.