■ Renee Agnello, Appellant, v Thomas Alan Payne, Respondent. [809 NYS2d 344]—

Appeal from a judgment of the Supreme Court, Niagara County (Vincent E. Doyle, J.), entered August 12, 2004. The judgment, inter alia, allocated the dependency exemption between the parties, permitting defendant to claim the parties' child as a tax exemption in even-numbered years and permitting plaintiff to claim the parties' child as a tax exemption in odd-numbered years.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified in the exercise of discretion and on the law by directing plaintiff to execute the necessary forms to permit defendant to claim the parties' child as a dependency exemption for state and federal income tax purposes in even-numbered years and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the followingmemorandum: Supreme Court did not abuse its discretion by allocating the dependency exemption between the parties, permitting defendant to claim the parties' child as a tax exemption in even-numbered years and permitting plaintiff to claim the child as a tax exemption in odd-numbered years (*see Sheehan v Sheehan,* 152 AD2d 942 [1989]). Nothing in the language of the federal tax law limits the discretion of a state court to allocate the dependency exemption (*see* 26 USC § 152 [e]; *Zogby v Zogby,* 158 AD2d 974 [1990]; *see also Burns v Burns,* 193 AD2d 1104 [1993]). The court erred, however, in failing to direct plaintiff to execute the necessary forms to permit defendant to claim the dependency exemption (*see generally Christmann v Christmann,* 294 AD2d 527, 528 [2002]). In the exercise of our discretion, we therefore modify the judgment accordingly, and we remit the matter to Supreme Court for further proceedings consistent with this decision. Present—Pigott, Jr., P.J., Martoche, Smith, Pine and Hayes, JJ.