■ In the Matter of FRANCIS J. RYAN, Respondent, v TINALYNN K. RYAN, Appellant. [923 NYS2d 754]—

Malone Jr., J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered September 22, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of child support.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of two children, Francis (born in 1996) and Richard (born in 1999). Pursuant to a separation agreement which was incorporated, but not merged, into their judgment of divorce, the parties agreed to equally share legal and physical custody of the children. The agreement also set forth the method for calculating the father's child support obligation, which deviated from the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b]; Family Ct Act § 413 [hereinafter CSSA]), and included a provision mandating that "[c]hild support payments shall be adjusted accordingly if joint custody and/or shared residence is not maintained for either or both children." The agreement further mandated the father to maintain health insurance coverage for the children and allocated two thirds of their unreimbursed medical expenses to him, also a deviation from the CSSA.

In 2009, sole physical custody of Francis was granted to the father on the parties' consent and, based on this change in circumstances, the father sought a modification of his child support obligation, which he had been paying to the mother in the amount of $935 per month. A Support Magistrate agreed that

the change in custody constituted a change in circumstances, but determined that the parties' separation agreement was "unclear as to how support should be adjusted" and, as a result, recalculated the father's support obligation pursuant to the CSSA. Ultimately, the Support Magistrate reduced the father's obligation to $109 per month, and directed that the parties share the cost of both health insurance coverage and unreimbursed medical expenses on a pro rata basis. Both parties submitted written objections to the Support Magistrate's order, which were denied by Family Court. The mother appeals.

Initially, the change in custody of Francis constituted a sufficient change in circumstances warranting a modification of the father's support obligation (*see Matter of Sidoti v Sidoti*, 41 AD3d 944, 944-945 [2007]). Although the mother does not dispute this point, nor does she challenge the Support Magistrate's use of the CSSA rather than the method set forth in the parties' separation agreement in performing a recalculation, she nevertheless contends that the Support Magistrate incorrectly calculated the father's support obligation. We agree.

First, the Support Magistrate erroneously multiplied the total combined parental income by 25%, as though both children resided in the same household (*see* Family Ct Act § 413 [1] [b] [3]; *McMillen v Miller*, 15 AD3d 814, 816 [2005]; *Buck v Buck*, 195 AD2d 818, 818 [1993]). Instead, the Support Magistrate should have calculated 17% of the combined parental income up to the statutory cap and then determined the father's proportionate share for Richard, the child of whom the parties share custody.[1] The same base amount should have been multiplied by 17% to then determine the mother's proportionate share of the basic child support obligation for Francis, of whom the mother is now the noncustodial parent (*see McMillen v Miller*, 15 AD3d at 816-817). The net support obligation owed by the father should then be calculated (*see Riseley v Riseley*, 208 AD2d 132, 135-136 [1995]). In the event that the court determines the net amount to be inappropriate or unjust for either household, it may fix a more appropriate award after considering the statutory factors in Family Ct Act § 413 (1) (f).

The Support Magistrate further erred by multiplying the total combined parental income, including income exceeding the statutory cap, by 25% (*see* Family Ct Act § 413 [1] [c] [2]; Social Services Law § 111-i [2] [former (b)]), again as if both children resided in the same household. However, he then increased that

1. Because the father has the higher income, he will be deemed the noncustodial parent for the child of whom the parties equally share physical custody (*see Baraby v Baraby*, 250 AD2d 201, 204 [1998]).

amount by another 25%, thereby deviating from the statutory percentage formula. While it was within the Support Magistrate's discretion to apply the statutory percentage, the factors set forth in Family Ct Act § 413 (1) (f), or a combination of both, some articulation of the reasons for the choice must be made. If the court decides to deviate from the statutory percentage, it must set forth in a written decision what the presumptive amount would be and provide a basis for its decision that "reflect[s] a careful consideration of the parties' circumstances . . . with an articulation of the factors it deems relevant" (*McMillen v Miller*, 15 AD3d at 817 [internal quotation marks and citation omitted]; *see Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]; *Matter of Gianniny v Gianniny*, 256 AD2d 1079, 1080 [1998]). Here, in deviating from the statutory 25%, which was an improper figure in the first place, the Support Magistrate simply stated that it had considered the relevant factors and determined that "case law suggest [*sic*] that it is in fact more expensive to raise children in a shared and split custody situation."

Then, after determining that "[e]ach child would need $300 per week," with the father responsible for $240 and the mother responsible for $60, the Support Magistrate "allocate[d] [the] burden between the two homes" by directing that the mother owed $60 every week for the support of Francis, because she does not have physical custody of him, and $60 every other week for the support of Richard. He directed that the father owed $240 every other week for the support of Richard, but found that he had no obligation with respect to Francis. However, this type of offset method of calculation is not typically favored (*see e.g. Bast v Rossoff*, 91 NY2d 723, 731-732 [1998]).[2] Rather, each parent is responsible for his or her pro rata share of the child support obligation for the child for whom he or she is the noncustodial parent, regardless of the amount of time that child spends in each respective household.

In light of the foregoing errors, this matter must be remitted for a redetermination of the parties' respective child support obligations. Notably, without an adequate articulation of the reasons for Family Court's treatment of the combined parental income over the statutory cap, there can be no meaningful abuse of discretion review (*see Matter of Marcklinger v Liebert*, 72 AD3d 1431, 1432 [2010]).

Finally, we disagree with the father's contention that Family

---

**2.** In its decision, the Support Magistrate explicitly acknowledged that the Court of Appeals has rejected the proportional offset method, but nevertheless proceeded to apply a similar method of calculation.

Court erred by prorating the parties' respective shares of both the cost of health insurance for the children as well as reasonable unreimbursed health care expenses (*see* Family Ct Act § 413 [1] [c] [5]).

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.