McCarthy, J.
Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered October 21, 2011, which, in a proceeding pursuant to Family Ct Act article 4, among other things, dismissed respondent’s objections to an order of a Support Magistrate.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two sons (born in 1996 and 1999). Although the parties originally shared legal and physical custody of the children on an equal basis, in 2009, the father filed a petition to modify the prior order of child support on the ground that the older child began living with him full time. The Support Magistrate found a change in circumstances that required modification and, because a provision of their separation agreement regarding child support was unclear, decided to calculate the parties’ support obligations pursuant to the Child Support Standards Act (see Family Ct Act § 413 [hereinafter CSSA]). Although the Support Magistrate found the father’s income for CSSA purposes to be $80,471 and the mother’s income to be $20,965, for a combined parental income of $101,436, he determined that the father’s support obligation should be $109 per month. Both parties filed objections to the Support Magistrate’s order, which Family Court (Pines, J.) denied. On the mother’s prior appeal, this Court reversed, finding that the Support Magistrate had erroneously calculated the presumptive amount of child support, failed to specify the factors he deemed relevant in deviating from that amount and utilized the proportional offset method that has been rejected by the courts (84 AD3d 1515, 1516-1518 [2011]).
Upon remittal, the Support Magistrate followed this Court’s directive to calculate the presumptive support amount for the younger child — which would be owed to the mother as the custodial parent because the parties equally share physical custody and the father has the higher income (84 AD3d at 1516 n 1; see Smith v Smith, 97 AD3d 923, 924 [2012]; Baraby v Baraby, 250 AD2d 201, 204 [1998]) — based upon 17% of the combined parental income up to the cap of $80,000, and the presumptive amount for the older child — which would be owed to the father as the custodial parent of that child — based upon *1178 the same percentage (84 AD3d at 1516).[1] The Support Magistrate also calculated the presumptive amount for the income exceeding $80,000, indicating that he decided to apply the statutory percentage to this portion of the combined parental income based on the mother’s income being substantially less than the father’s income (see Family Ct Act § 413 [1] [f] [7]). To determine the father’s net support obligation, the Support Magistrate subtracted what the mother owed to the father from what the father owed to her. The Support Magistrate then found, citing Family Ct Act § 413 (1) (f) (10), that the father’s pro rata share of the basic child support obligation was unjust and inappropriate because the father is considered the noncustodial parent for the younger child despite having physical custody of him half of the time. As a result of this finding, the Support Magistrate cut the father’s support obligation in half.[2]
Both parties filed objections to the Support Magistrate’s order and the mother moved to strike the father’s rebuttal to her objections. Family Court (Charnetsky, J.) dismissed the mother’s objections as untimely, stated that her objections were also without merit, and denied her motion to strike. The mother appeals.
Family Court erred in dismissing the mother’s objections as untimely. Either party may file specific objections to an order of a support magistrate within 30 days of personal service of the order or, if the party did not receive the order in court or by personal service, within 35 days after the order was mailed (see Family Ct Act § 439 [e]). Strict adherence to this deadline is not required; Family Court has discretion to overlook a minor failure to comply with the statutory requirements regarding filing objections and address the merits (see Matter of Riley v Riley, 84 AD3d 1473, 1474 [2011]; Matter of Latimer v Cartin, 57 AD3d 1264, 1265 [2008]).
Here, the Support Magistrate’s order was apparently mailed on August 5, 2011, making Friday, September 9, 2011 the last day to timely file objections (see Family Ct Act § 439 [e]). The mother’s objections are dated September 8, 2011. In reply *1179 papers, the mother explained that she intended to file the objections on September 8 or 9, 2011, but Family Court was closed on those days due to flooding conditions and a state of emergency.[3] She was able to locate an open post office and mailed her objections on September 9. While receipt by the court, rather than the act of mailing, constitutes filing of objections (see Matter of Rosenkranz v Rosenkranz, 198 AD2d 592, 593 [1993]; see also Matter of Esteves, 31 AD3d 1028,1029 [2006]), as September 9 was a Friday, the first day that the court was open following the filing deadline was Monday, September 12, 2011. Family Court’s order is inconsistent as to whether the objections were filed with the court on September 12 or 13, 2011. If the objections were received on September 12, they were timely filed because the official closing of the court extended the statutory filing deadline (see Judiciary Law § 282-a; Martin v J.C. Penney Co., 275 AD2d 910, 910-911 [2000]). If the objections were received on September 13, we find that Family Court abused its discretion by dismissing the mother’s objections as untimely, considering that the court was closed on the statutory deadline and the objections were filed only one day following the extended deadline, just after the court; reopened from its closure due to the extraordinary weather conditions (see Matter of Latimer v Cartin, 57 AD3d at 1265; Matter of Ogborn v Hilts, 262 AD2d 857, 858 [1999]). Based on the mother’s assertion that she could not obtain a sample affidavit of service or the services of a notary due to the flooding and court closure, the mother’s failure to provide an affidavit of service should also be excused (see Matter of Stephen W. v Christina X., 80 AD3d 1083, 1084 [2011], lv denied 16 NY3d 712 [2011]). Under the circumstances, her objections should have been accepted and addressed on the merits.
On the merits, the Support Magistrate correctly determined the presumptive amount of child support by using the method provided in our previous decision (84 AD3d at 1516; see Vertucci v Vertucci, 103 AD3d 999, 1005-1006 [2013]).[4] The Support Magistrate also correctly determined the presumptive amount for *1180 the combined parental income in excess of the $80,000 cap and explained why he decided to apply the CSSA child support percentage to this income based on a permissible factor, namely the substantial disparity in the parties’ incomes (see Family Ct Act § 413 [1] [c] [3]; [f] [7]). The CSSA contains a rebuttable presumption that application of the guidelines will yield the correct amount of child support, thereby placing the burden on the party contesting application of the statutory percentage to establish that the pro rata share of support is unjust or inappropriate (see Matter of Marcklinger v Liebert, 88 AD3d 1114, 1116 [2011]; Matter of Seelow v Seelow, 81 AD3d 1188, 1189-1190 [2011]; Matter of Smith v Evans, 75 AD3d 603, 603-604 [2010]). To deviate from the figures derived from that statutory formula, the court is required to specifically list the factors that it considered and the reasons why it did not order the basic child support award (see Family Ct Act § 413 [1] [g]; Bast v Rossoff, 91 NY2d 723, 727 [1998]; Riemersma v Riemersma, 84 AD3d 1474, 1476 [2011]).
Here, the Support Magistrate stated that he was relying on factor 10, the catch-all provision for “[a]ny other factors the court determines are relevant in each case” (Family Ct Act § 413 [1] [f] [10]). His stated reason for deviating from the presumptive amount was that the father has physical custody of the older child all of the time and of the younger child every other week, so the Support Magistrate adjusted the amount such that the father would not pay support when both children are with him. This was merely another way of applying the proportional offset method, which would reduce a parent’s child support obligation based upon the amount of time that he or she actually spends with the child (see Bast v Rossoff, 91 NY2d at 730).
The Court of Appeals has rejected this method as impractical, unworkable and contrary to the statute and legislative history (see id. at 730-732). Additionally, we explained in our prior decision in this case that this method was inappropriate (84 AD3d at 1517). While application of the CSSA formula may seem to produce unfair results where, as here, the parties equally share parenting time with a child, “Tt]he difficult policy choices inherent in creating an offset formula for shared custody arrangements are better left to the Legislature” (Bast v Rossoff, 91 NY2d at 730). The costs of providing suitable housing, clothing and food for the children during custodial periods do not qualify *1181 as extraordinary expenses so as to justify a deviation from the presumptive amount (see Family Ct Act § 413 [1] [f] [9]; Riemersma v Riemersma, 84 AD3d at 1477; Matter of Spoor v Spoor, 276 AD2d 887, 889 [2000]). While there may be circumstances in which a deviation is warranted in situations involving shared parenting time, the Support Magistrate’s articulated reason did not provide an adequate basis for such deviation here, and our independent review of the record in the exercise of our factual review power reveals a lack of sufficient evidence to support any of the factors for deviation (see Family Ct Act § 413 [1] [f]; Riemersma v Riemersma, 84 AD3d at 1477). Accordingly, the mother is entitled to an award of child support equal to the presumptive amount, namely $862 per month, less her $21 monthly share of health insurance, for a total of $841 per month.[5]
Family Court did not err in denying the mother’s motion to strike the father’s objections and rebuttal to her objections, as the father’s statements were not scandalous or particularly prejudicial and the court was capable of reviewing the record to determine whether those statements were supported by the evidence (see CPLR 3024 [b]; Matter of Amber L., 260 AD2d 673, 674 [1999]; Card v Budini, 29 AD2d 35, 38 [1967]). Additionally, we reject the mother’s contention that the Support Magistrate exhibited any bias against her, as opposed to merely making a joke with the father’s counsel (see Glatzer v Bear, Stearns & Co., Inc., 95 AD3d 707, 707 [2012]).
Peters, P.J., Stein and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by increasing respondent’s award of child support to $841 per month; matter remitted to the Family Court of Broome County for calculation of arrears; and, as so modified, affirmed.

. Although Family Ct Act § 413 (1) (c) (2) has been amended to raise the statutory cap from $80,000 to $130,000, the Support Magistrate correctly applied the former figure because this proceeding was commenced prior to the amendment’s effective date (see Family Ct Act § 413 [1] [c] [2]; Social Services Law § 111-i [2] [b]; Child Support Modernization Act, L 2009, ch 343, § 2; Matter of Marcklinger v Liebert, 88 AD3d 1114, 1114 n 1 [2011]).

. The Support Magistrate reduced the presumptive amount of $862 per month to $431 per month. He then deducted $21 from that amount to reflect the mother’s share of the cost of health insurance (an amount and obligation not in dispute), making her net award $410 per month.

. Tropical Storm Lee caused flooding in the Broome County area during that time, resulting in the declaration of a state of emergency and mandatory evacuations (see Corey Kilgannon, Flooding Persists in Southern Tier of New York, NY Times, Sept. 10, 2011, § A at 17; Governor Cuomo Directs Emergency Response to Recent Flooding in Upstate New York, http://www.governorny.gov/ press/09082011RecentFlooding [Sept. 8, 2011]).

. We will not entertain the father’s arguments that the Support Magistrate erred by applying the CSSA rather than the terms of the separation agreement and by failing to impute income to the mother, as the father did not appeal from the 2009 support order — when these arguments should have *1180 been raised — or the present order (see Matter of Christiani v Rhody, 90 AD3d 1090, 1091 [2011], lv denied 18 NY3d 809 [2012]; Matter of Garrison v Muller, 256 AD2d 753, 754 [1998]).

. Because this award is retroactive to the date that the father filed his petition in 2009, we remit for Family Court to calculate his arrears (see Family Ct Act § 449 [2]; Sonmez v Sonmez, 121 AD2d 883, 883 [1986]).