In the Matter of TERRY R. ROSS, Appellant-Respondent, v DEBORAH S. MANLEY, Respondent-Appellant. (And Two Other Related Proceedings.) [23 NYS3d 433]—

Lynch, J. Cross appeal from an order of the Family Court of Broome County (Connerton, J.), entered March 10, 2014, which, among other things, in three proceedings pursuant to Family Ct Act article 4, upon renewal, denied the parties' objections to the orders of a Support Magistrate.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of three children, one child who is now emancipated and twins (born in 1995). In 2003, Family Court issued an order that, among other things, established the father's child support obligation and the percentage share each party was obligated to contribute toward the children's uninsured medical and dental expenses. In May 2012, the father sought to modify the 2003 order, primarily on the basis that one of the twins was residing with him. In response, the mother filed a modification petition wherein she

argued that the children's increased needs warranted an increase in the child support payable by the father. In January 2013, while the two modification petitions were pending, the mother filed a violation petition wherein she alleged that, since 2006, the father had willfully failed to pay for his share of the children's unreimbursed medical expenses.

The Support Magistrate heard the parties' modification petitions in February 2013 and, by findings of fact and order issued in March 2013, suspended the father's support obligation and apportioned uninsured health related expenses 60% to the mother and 40% to the father. Next, at a hearing on the mother's violation petition held in April 2013, the father sought and obtained permission from the Support Magistrate to file an answer wherein he asserted that the parties had an oral agreement that the mother would pay for all of the children's orthodontic and dental expenses that were not covered by the father's insurance. Family Court issued an order in June 2013 remanding the modification petition to the Support Magistrate to explain why the mother was not required to contribute towards the cost of the children's health insurance. The Support Magistrate resumed the hearing on the violation petition in June 2013 and, in July 2013, issued an order with findings of fact granting the mother's petition. On the same day, the Support Magistrate also issued an order with new findings of fact on the remanded modification petitions wherein the mother was directed to contribute 60% towards the cost of the children's health insurance. In August 2013, the father filed objections to both of the Support Magistrate's July 2013 orders and the mother objected to the order issued on her violation petition. In September 2013, Family Court ruled on all the objections by remanding the matter to the Support Magistrate for a new hearing, reasoning that all three proceedings should have been heard together. Thereafter, Family Court granted the mother's motion for leave to renew and, upon renewal, reviewed the parties' objections on the merits and denied them all. Both the mother and the father now appeal.

Initially, we reject the mother's claim that the father's appeal does not lie because the order on appeal was entered upon the father's default. Contrary to the mother's argument, the order was entered after Family Court considered the father's correspondence opposing the mother's motion. Moreover, it is not disputed that the father filed objections to each of the Support Magistrate's determinations, which were the subject of the challenged Family Court order.

The first substantive issue presented on this appeal is

whether the Support Magistrate properly suspended each party's support obligation to the other.[1] Neither party disputes the Support Magistrate's conclusion that the parties shared custody of the twin daughters inasmuch as each party had custody of one child. That said, the Support Magistrate erred by simply cancelling out child support for both parties. The Child Support Standards Act (*see* Family Ct Act § 413 [hereinafter CSSA]) applies to shared and split custody cases (*see Bast v Rossoff*, 91 NY2d 723, 728 [1998]; *Cynoske v Cynoske*, 8 AD3d 720, 722 [2004]; *Matter of Smith v Smith*, 197 AD2d 830, 831 [1993]). To properly calculate the amount of child support due from each parent, the Support Magistrate should have calculated 17% of the combined parental income up to the statutory cap and then determined each parent's respective obligation for the child not in his or her custody (*see Matter of Ryan v Ryan*, 84 AD3d 1515, 1516 [2011]; *Buck v Buck*, 195 AD2d 818, 818 [1993]). Accordingly, the matter must be remitted for a redetermination of the parties' respective support obligations. If the Support Magistrate decides that the result of such calculation is unjust or inappropriate, he or she may award a different amount after considering the requisite statutory factors (*see* Family Ct Act § 413 [1] [f]; *Matter of Ryan v Ryan*, 84 AD3d at 1516).

Next, the father contends that the Support Magistrate miscalculated each party's pro rata share of the uncovered medical expenses. We agree. Prior to making his determination, the Support Magistrate considered the father's 2013 income and the mother's 2012 income before determining that the expenses should be allocated 60%/40% payable by the mother and father, respectively. Generally, for purposes of the CSSA, "income" is the "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Family Court Act § 413 [1] [b] [5] [i]; *see Matter of Fuller v Fuller*, 11 AD3d 775, 776 [2004]). Family Court has the discretion to consider current income figures (*see Matter of Kellogg v Kellogg*, 300 AD2d 996, 996 [2002]) and, absent a

---

**1.** We reject the mother's argument that the father waived the right to challenge the findings with regard to child support and uncovered medical expenses because he did not appeal the June 2013 Family Court order. Although Family Court remanded only for a determination with regard to the mother's contribution to the cost of health insurance, it also plainly continued the child support issue and the father properly awaited the final order resolving all objections to the Support Magistrate's determination before seeking an appeal to this Court (*see* CPLR 5501 [a] [1]; Family Ct Act § 439 [e]; *see generally Matter of Gentry v Littlewood*, 269 AD2d 846, 847 [2000]; *Dompkowski v Dompkowski*, 154 AD2d 950, 950 [1989]).

demonstrated abuse of discretion, we will not disturb Family Court's determination to impute income to a parent (*see Matter of D'Andrea v Prevost*, 128 AD3d 1166, 1167 [2015]). Here, the father presented both his 2012 W-2 form and a 2013 pay stub, the latter evincing a slight pay increase; the mother presented her 2012 W-2 form and testified that, in 2013, she expected to receive a health insurance buyout benefit consisting of periodic payments totaling $5,200. In our view, the record supports the Support Magistrate's determination to consider the father's 2013 income. However, we find no record support for the Support Magistrate's failure to include the 2013 health insurance buyout sum as income to the mother (*see* Family Ct Act § 413 [1] [b] [5] [iv] [C]). The allocation must be recalculated upon remittal.

Finally, both the mother and the father challenge Family Court's determination to confirm the Support Magistrate's July 2013 findings with regard to the father's obligation to pay his proportionate share of uncovered orthodontic expenses. By her violation petition, the mother claimed that the father did not pay his 46% share of such expenses as directed by the 2003 order. The father argued that he and the mother agreed that he would not have to pay the expenses because she would not agree to use a provider that accepted his insurance.[2] The Support Magistrate determined that the father did not pay in accordance with the order, that he did not willfully violate the order and that, because he never sought to modify the order, he remained responsible for the expenses. For her part, the mother contends that Family Court did not have jurisdiction to enforce the alleged agreement. The father argues that the Support Magistrate improperly treated the unpaid amounts as arrears.

Generally, Family Court's jurisdiction is limited to enforcing or modifying child support orders and would not extend to enforcing an agreement between the parties (*see Matter of Hirsch v Schwartz*, 93 AD3d 1114, 1115 [2012]). Here, however, the Support Magistrate only considered the purported agreement to the extent that it was relevant to the issue presented— whether the father willfully violated the child support order. The mother does not challenge this finding, only the analysis

---

2. We do not agree with the mother's argument that the Support Magistrate abused his discretion by allowing the father to submit a late answer to the mother's violation petition. The father was initially not represented, the matter was adjourned for nearly three months and the mother does not claim, nor does the record reflect, that she suffered any prejudice resulting from the addition of the affirmative defense.

with regard to the purported agreement. Because the Support Magistrate never determined that there was an agreement and, instead, ordered the relief sought, we find that the mother was not aggrieved by the determination (*see generally Matter of Landis [Debora]*, 114 AD3d 458, 459 [2014]). As to the father's argument, Family Court does have jurisdiction, generally, to consider whether a party has waived future child support payments (*see generally Matter of Dox v Tynon*, 90 NY2d 166, 174 [1997]; *Matter of Hastie v Tokle*, 122 AD3d 1129, 1129-1130 [2014]; *Matter of Williams v Chapman*, 22 AD3d 1015, 1016 [2005]). Because the father did not raise this claim in his objections, this issue is not preserved for our review (*see* Family Court Act § 439 [e]; *Matter of Porter v D'Adamo*, 113 AD3d 908, 910 [2014]; *Matter of Renee XX. v John ZZ.*, 51 AD3d 1090, 1092 [2008]).

The parties' remaining arguments have been considered and have either been rendered academic by this decision or are without merit.

Lahtinen, J.P., Garry, Rose and Devine, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied objections to those parts of the Support Magistrate's orders as (1) cancelled child support for both parties and (2) miscalculated each party's pro rata share of the uncovered medical expenses; matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.