Matter of Jerrett v Jerrett (2018 NY Slip Op 04880)





Matter of Jerrett v Jerrett


2018 NY Slip Op 04880


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


692 CAF 17-01129

[*1]IN THE MATTER OF IRINA G. JERRETT, PETITIONER-APPELLANT,
v
JEFFREY L. JERRETT, RESPONDENT-RESPONDENT. 






IRINA G. JERRETT, PETITIONER-APPELLANT PRO SE.


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered May 3, 2017 in a proceeding pursuant to Family Court Act article 4. The order, insofar as appealed from, denied petitioner's objection to that part of an order of the Support Magistrate deviating from the presumptive child support obligation. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, petitioner's objection is granted in part, the petition is granted to the extent that respondent is directed to pay child support in the amount of $172 per week retroactive to January 22, 2015, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 4, petitioner mother, as limited by her brief, appeals from an order denying her objection to the order of the Support Magistrate that, among other things, granted in part her petition for an upward modification of respondent father's child support obligation but also deviated from the presumptive support obligation calculated pursuant to the Child Support Standards Act ([CSSA] Family Ct Act § 413). We agree with the mother that the Support Magistrate erred in deviating from the presumptive support obligation and that Family Court therefore should have granted the mother's objection with respect to that part of the Support Magistrate's order. We therefore reverse the order insofar as appealed from, grant the mother's objection in part, grant the petition to the extent that the father is directed to pay child support in the amount of $172 per week retroactive to January 22, 2015, and remit the matter to Family Court to calculate the amount of arrears owed to the mother.
It is well established that "[s]hared custody arrangements do not alter the scope and methodology of the CSSA" (Bast v Rossoff, 91 NY2d 723, 732 [1998]). Indeed, the Court of Appeals has "explicitly reject[ed] the proportional offset formula" whereby the noncustodial parent's child support obligation would be reduced based upon the amount of time that he or she actually spends with the child (id.). Instead, a court must calculate the basic child support obligation under the CSSA, and then must order the noncustodial parent to pay his or her "pro rata share of the basic child support obligation, unless it finds that amount to be unjust or inappropriate' " (id. at 727; see Family Ct Act § 413 [1] [f], [g]). "If the trial court is satisfied that the amount of basic child support obligation is unjust or inappropriate' because of the shared custody arrangement of the parents, the court may then utilize paragraph (f)' to fashion an appropriate award" (Bast, 91 NY2d at 732; see § 413 [1] [f]).
Here, in this shared custody arrangement with the mother as the primary custodial parent, the Support Magistrate erred in determining that the child was spending "a sufficient amount of time" with the father to warrant a downward deviation from the presumptive support obligation inasmuch as that determination "was merely another way of [improperly] applying the proportional offset method" (Matter of Ryan v Ryan, 110 AD3d 1176, 1180 [3d Dept 2013]; see Matter of Gillette v Gillette, 8 AD3d 1102, 1103 [4th Dept 2004]; see also Ball v Ball, 150 AD3d 1566, 1570 [3d Dept 2017]).
Further, to the extent that the Support Magistrate relied upon the factors in Family Court Act § 413 (1) (f) in deviating from the presumptive support obligation, we agree with the mother that the determination lacks support in the record. Although "extraordinary expenses incurred by the non-custodial parent in exercising visitation" with a child not on public assistance may support a finding that the presumptive support obligation is unjust or inappropriate (§ 413 [1] [f] [9] [i]), "[t]he costs of providing suitable housing, clothing and food for [a child] during custodial periods do not qualify as extraordinary expenses so as to justify a deviation from the presumptive amount" (Ryan, 110 AD3d at 1180-1181; see Matter of Mitchell v Mitchell, 134 AD3d 1213, 1215-1216 [3d Dept 2015]). Thus, contrary to the Support Magistrate's determination, the father's testimony that he incurred household expenses for the benefit of the child in the form of housing, food, clothing, and certain activities does not establish that he incurred any extraordinary expenses that would warrant a deviation from the presumptive support obligation (see Mitchell, 134 AD3d at 1215-1216; Ryan, 110 AD3d at 1180-1181; see generally Matter of Kay v Cameron, 270 AD2d 939, 940 [4th Dept 2000]).
To the extent that the Support Magistrate determined that the mother's expenses were substantially reduced as a result of the father's expenses incurred during extended visitation (see Family Ct Act § 413 [1] [f] [9] [ii]), we agree with the mother that there is no support in the record for that determination (see Juneau v Juneau, 240 AD2d 858, 859 [3d Dept 1997], lv denied 90 NY2d 812 [1997], rearg denied 91 NY2d 922 [1998]).
Finally, the Support Magistrate determined that a deviation was justified given "[t]he non-monetary contributions that the parents will make toward the care and well-being of the child" (Family Ct Act § 413 [1] [f] [5]). We agree with the mother that the Support Magistrate failed to set forth any factual basis to support the application of that factor (see generally Matter of Miller v Miller, 55 AD3d 1267, 1268-1269 [4th Dept 2008]), and that none appears in the record. The father's testimony that he incurred ordinary household expenses and paid for some of the child's activities does not constitute evidence of nonmonetary contributions to the care and well-being of the child (see Matter of Jones v Reese, 227 AD2d 783, 784 [3d Dept 1996], lv denied 88 NY2d 810 [1996]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court