Haggerty v Haggerty (2019 NY Slip Op 00750)





Haggerty v Haggerty


2019 NY Slip Op 00750


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1112 CA 17-01559

[*1]JENNIFER HAGGERTY, PLAINTIFF-APPELLANT,
v
RYAN HAGGERTY, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






WILLIAM R. HITES, BUFFALO, FOR PLAINTIFF-APPELLANT.
RYAN D. HAGGERTY, DEFENDANT-RESPONDENT PRO SE.
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILDREN. 


 Appeal from a judgment of the Supreme Court, Erie County (Terrence M. Parker, A.J.), entered June 22, 2017 in a divorce action. The judgment, among other things, granted the parties a divorce and ordered plaintiff to pay $14,000 for defendant's attorneys' fees. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified in the exercise of discretion and on the law by vacating the award of $14,000 in attorneys' fees to defendant and as modified the judgment is affirmed without costs.
Memorandum: In appeal No. 1, plaintiff appeals from a judgment of divorce that, among other things, calculated retroactive and prospective child support, distributed the parties' assets and debts, and made an award of attorneys' fees to defendant. In appeal No. 2, plaintiff appeals from an intermediate order addressing issues from a trial on financial matters as well as issues raised in a posttrial motion. Due to the fact that the order in appeal No. 2 is subsumed in the final judgment in appeal No. 1, we conclude that appeal No. 2 must be dismissed (see Maniscalco v Maniscalco [appeal No. 2], 109 AD3d 1129, 1129-1130 [4th Dept 2013]; see generally Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]).
As a preliminary matter, plaintiff contends that Supreme Court erred in permitting the attorney for the child (AFC) to participate in the financial trial. We reject that contention inasmuch as issues of child support were to be determined at that trial (see generally Macaluso v Macaluso, 145 AD3d 1295, 1296 [3d Dept 2016]). We further conclude that there is no merit to plaintiff's contention that the court erred in denying her motion to remove the AFC. Plaintiff's " unsubstantiated allegations of bias' " were insufficient to support her application to remove the AFC (Matter of Brooks v Greene, 153 AD3d 1621, 1622 [4th Dept 2017]).
Plaintiff further contends that she is entitled to a credit for excess child support payments. We reject that contention. "It has long been held that there is a strong public policy against restitution or recoupment of support overpayments' . . . and nothing in this record shows it was error to deny that relief" (Johnson v Chapin, 12 NY3d 461, 466 [2009], rearg denied 13 NY3d 888 [2009]). Contrary to plaintiff's contention, we conclude that the court did not abuse or improvidently exercise its discretion in using the parties' tax returns for the actual years under review as opposed to the tax returns from the year before each year under review inasmuch as the court was being asked to review retroactively the pendente lite award of child support (see generally Domestic Relations Law § 240 [1-b] [b] [5] [i]).
We reject plaintiff's challenges to the court's determination concerning prospective child support. Contrary to plaintiff's contentions, the court properly used the parties' most recent tax returns to calculate the amount of future child support (see generally Domestic Relations Law § [*2]240 [1-b] [b] [5] [i]), and the presumptively correct amount of child support did not result in an award that was "unjust or inappropriate" (§ 240 [1-b] [f], [g]; see Matter of Gillette v Gillette, 8 AD3d 1102, 1103 [4th Dept 2004]; Veitch v Veitch, 6 AD3d 1094, 1094 [4th Dept 2004]).
Addressing next issues of equitable distribution, we reject plaintiff's contention that the court's determinations were erroneous. "It is well settled that [e]quitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent an abuse of discretion . . . It is also well settled that trial courts are granted substantial discretion in determining what distribution of marital property[—including debt—]will be equitable under all the circumstances" (Wagner v Wagner, 136 AD3d 1335, 1336 [4th Dept 2016] [internal quotation marks omitted]). Preliminarily, plaintiff contends that she should have been given a credit for certain marital assets that she contends were dissipated by defendant. Defendant, however, established that he used those particular assets to pay for marital expenses (see Pudlewski v Pudlewski, 309 AD2d 1296, 1297 [4th Dept 2003]; Gonzalez v Gonzalez, 291 AD2d 373, 374 [2d Dept 2002]). Plaintiff further contends that the court erred in conditioning her ability to claim one of the parties' two children as a dependency exemption for tax purposes on her ability to "remain[] current with her child support obligation for a full calendar year." Given plaintiff's prior failure to pay child support, we conclude that the imposition of such a condition was not an abuse of the court's discretion (see Rooney v Rooney [appeal No. 3], 92 AD3d 1294, 1296 [4th Dept 2012], lv denied 19 NY3d 810 [2012]; see generally Agnello v Payne, 26 AD3d 837, 837 [4th Dept 2006], lv denied 7 NY3d 707 [2006]).
The court directed that the "parties' retirements" be divided pursuant to the Majauskas formula, but plaintiff contends that we should modify the judgment inasmuch as it was undisputed that she did not have a retirement plan. We reject that contention. At the hearing, it was established that defendant had two retirement plans, one from his prior military service and one from his then-current employment. The court thus did not err in ordering the division of multiple retirement plans. To the extent that plaintiff did not have a retirement plan, there is nothing to be divided by Majauskas, and no need to modify the judgment.
Contrary to plaintiff's further contention, we perceive no basis to modify the court's equitable distribution of the parties' debts. We address specifically the parties' student loans, which totaled over $250,000. The court concluded that each party "utilized education loans to pay for the tuition of his/her graduate program and to cover family expenses during that time." Although "[t]here may be circumstances where equity requires a credit to one spouse for marital property used to pay off the separate debt of one spouse" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 421 [2009]), we conclude that the court did not abuse or improvidently exercise its discretion in directing that each party be responsible for his or her student loan debt (see Gelb v Brown, 163 AD2d 189, 194 [1st Dept 1990]; see also Heydt-Benjamin v Heydt-Benjamin, 127 AD3d 814, 815 [2d Dept 2015]; Dashnaw v Dashnaw, 11 AD3d 732, 734-735 [3d Dept 2004]).
Both plaintiff and defendant sought an award of attorneys' fees, and the court ultimately directed plaintiff to pay $14,000 to defendant's attorney. We agree with plaintiff that the award should be vacated. "The decision to award . . . attorney[s'] fees lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as [that of] the trial court[]" (O'Brien v O'Brien, 66 NY2d 576, 590 [1985]). Under the circumstances of this case, where neither party is a "less monied spouse" (Domestic Relations Law § 237 [a]), and plaintiff has significantly more student loan debt than defendant, we conclude in the exercise of our discretion that the award should be vacated and that each party should be responsible for his or her own attorneys' fees. We therefore modify the judgment accordingly.
We have reviewed plaintiff's remaining contention, i.e., that she was denied her right to a fair trial, and we conclude that it lacks merit.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court